*Williams v. State*, 508 S.W.2d 211, 213 (Mo. App.1974).

The judgment is affirmed.

All concur.

**STATE of Missouri, Respondent,**

v.

**Cleaborn RYAN, Appellant.**

**No. KCD 29089.**

Missouri Court of Appeals, Kansas City District.

Oct. 11, 1977.

William G. Mays, II, Public Defender, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WASSER-STROM and SOMERVILLE, JJ.

WASSERSTROM, Judge.

Under an information charging felonious assault under Section 559.180 RSMo 1969, and commission of a prior felony, the jury found defendant guilty and the court, under the Second Offender Act, Section 556.280 RSMo 1969, sentenced him to 40 years imprisonment. Defendant's sole contention on this appeal is that the trial court erred in permitting an amendment to the information to change defendant's name from Cleaborne Ryan to Cleaborn Ryan.

This amendment arose in the following manner. The prosecution offered its Exhibit 1 to show defendant's prior conviction so as to bring him within the Second Offender Act. That exhibit showed that the party convicted was Cleaborn Ryan. The information as then on file stated defendant's name to be Cleaborne Ryan. Upon the offer of Exhibit 1, defense counsel objected on the ground that the prior conviction was not in the name of the defendant. The State thereupon requested leave to amend to name defendant as Cleaborn Ryan, and that amendment was permitted.

The amendment was pursuant to Rule 24.02 which provides that the court may permit an information to be amended at any time before verdict if no different offense is charged and "if substantial rights of the defendant are not prejudiced." Defendant claims that the amendment does prejudice his rights in that it permitted the prosecution to take advantage of the legal principle that the identity of names between a person charged and a person for whom a record of previous conviction is

produced is prima facie evidence for identification of the defendant as the person previously convicted.

That claim of prejudice is untenable. The lack of prejudice is perfectly apparent from the fact that the names "Cleaborne" and "Cleaborn" would be considered identical for the purpose of the Second Offender Act even without the necessity of any amendment, under the rule of idem sonans. *State v. Webb*, 518 S.W.2d 317 (Mo.App. 1975); *State v. Sheets*, 468 S.W.2d 640 (Mo. 1971). See also *State v. Harris*, 452 S.W.2d 577 (Mo.1970). Indicative also of absence of prejudice is the lack of any claim by defendant that he is not the same Ryan named in Exhibit 1 or that he was not previously convicted as alleged by the State. See *State v. Cook*, 463 S.W.2d 863, l. c. 869 (Mo.1971). The cases cited by defendant have been examined and are not contrary to the trial court's allowance of this amendment.

Affirmed.

All concur.