### STATE of Missouri, Respondent,

v.

### Justice MAYS, Jr., Appellant.

### No. WD 32035.

Missouri Court of Appeals, Western District.

Aug. 18, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 22, 1981.

David M. Strauss, Public Defender, Columbia, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

NUGENT, Judge.

A jury found defendant Justice Mays, Jr., guilty of stealing in violation of §§ 570.030 and 570.050, RSMo 1978, and fixed his punishment at one year in the county jail. The trial court then found that he had been previously convicted of two separate and unrelated felonies and, pursuant to the provisions of § 558.016, RSMo 1978, sentenced him as a persistent offender to an extended term of ten years in the custody of the Division of Corrections. We affirm the judgment.

Mays does not question the sufficiency of the evidence to sustain the conviction of stealing. Rather, his sole point is that the evidence was insufficient to make the Persistent Offender Act, § 558.016, RSMo 1978, applicable to him.

To establish the applicability of the Act the state introduced four exhibits. Three of those exhibits considered together clearly established defendant's 1976 conviction in Pettis County for robbery, first degree, under the name Marvin Eldon Duncan. Defendant does not dispute that. For proof of the second prior conviction, however, the state introduced only one exhibit. That was a certified record of the 1973 Jackson County conviction of one Justice Mays, Jr., for burglary, second degree. Relying upon the identity of names, the court found proof beyond a reasonable doubt of defendant's conviction of that offense as well, thereby bringing him within the purview of the Persistent Offender Act.

Defendant now contests the proof of the latter conviction. He contends that a mere showing of identity of names of a defendant and a prior felon without other supporting evidence that the defendant is, in fact, the prior felon is insufficient to support application of the Act. He does not now

nor did he at the sentence enhancement hearing contest the existence or validity of the 1973 conviction.

 Of course, when the state relies on a previous conviction of an accused to impose a more severe punishment, that conviction must be proved beyond a reasonable doubt. *State v. Martin*, 336 S.W.2d 394, 397 (Mo.1960); *State v. Garner*, 538 S.W.2d 937, 943 (Mo.App.1976). Equally well-established, however, is the rule that identity of names makes a prima facie showing that the person named in a record is in fact the defendant for the purpose of invoking habitual criminal acts. *State v. Morris*, 477 S.W.2d 40, 42 (Mo.1972); *State v. Sheets*, 468 S.W.2d 640, 642 (Mo.1971); *State v. Cook*, 463 S.W.2d 863, 868 (Mo.1971); *State v. Brinkley*, 354 Mo. 337, 189 S.W.2d 314, 334 (1945); *State v. Court*, 225 Mo. 609, 615, 125 S.W. 451, 452 (1910); *State v. McMillan*, 593 S.W.2d 629, 635 (Mo.App.1980). (Clearly, the more unusual the name, the more conclusive the identity, that is, the oneness or sameness, of the individuals named.) Certified copies of judgments have been specifically recognized as admissible to establish prior convictions. *State v. Gardner*, 600 S.W.2d 614, 620 (Mo.App.1980); *State v. Montgomery*, 590 S.W.2d 105, 106 (Mo.App. 1979); § 490.130, RSMo 1978.

Where, as here, a defendant offers no evidence to rebut the prima facie showing of a prior felony conviction, the trial court may act in reliance upon that evidence. *State v. Williams*, 382 S.W.2d 597, 600 (Mo.1964); *State v. Davis*, 367 S.W.2d 517, 521 (Mo.1963); *State v. Ryan*, 557 S.W.2d 700, 701 (Mo.App.1977); *State v. Shumate*, 516 S.W.2d 297, 300 (Mo.App. 1974). Reliance upon prima facie evidence does not violate the constitutional requirement of proof beyond a reasonable doubt, as defendant apparently contends. In *Bailey v. Alabama*, 219 U.S. 219, 234, 31 S.Ct. 145, 149, 55 L.Ed. 198 (1911), the Court held:

> *Prima facie* evidence is sufficient evidence to outweigh the presumption of innocence and if not met by opposing evidence to support a verdict of guilty.

"It is such as, in judgment of law, is sufficient to establish the fact; and, if not rebutted, remains sufficient for the purpose. *Kelly v. Jackson*, 6 Pet. [622], 632" [31 U.S. 622, 632, 8 L.Ed. 523, 526 (1832)].

*Neely v. United States*, 150 F.2d 977, 978 (D.C.Cir.1945).

Defendant having neither challenged nor rebutted the evidence of the 1973 conviction, that evidence overcame his presumption of innocence as to that essential element of the case and it sufficiently established the second of his two previous convictions to support the judgment under § 558.016.

Accordingly, the judgment is affirmed.

All concur.