**STATE of Missouri, Respondent,**

v.

**Eddie James VAN, Appellant.**

**No. 46949.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 7, 1984.

---

Stormy Barton White, Asst. Public Defender, Clayton, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Charged with stealing six pairs of jeans from a department store, defendant Eddie J. Van was found guilty by a jury. The trial court sentenced defendant as a persistent offender to 15 years in prison. He appeals; we affirm.

Evidentiary sufficiency is unchallenged. A store guard saw defendant surreptitiously enter a dressing room; as soon as defendant left the store the guard stopped him and discovered defendant had concealed the stolen items beneath his own clothing. Defendant offered no evidence.

■ By his pro se brief defendant challenges the 15 year sentence. Although the basic stealing offense charged was a misdemeanor, by Section 570.040 RSMo 1978 a third offense, as here, is deemed a class C felony. By Section 558.016.6(3) RSMo Supp.1952, a class C felony by a persistent offender is punishable by 15 years in prison. Thus the punishment here was autho-

rized by statute. We deny defendant's pro se point.

■ By his other point defendant contends the trial court erred by permitting the prosecutor to argue the state's evidence was uncontradicted; that this amounted to an improper comment on defendant's failure to testify. The challenged argument referred to testimony of the store detective:

"You must take into account his misdemeanor [sic] while testifying. He is the only witness that testified. He is the only witness that saw it. He saw it as it all happened."

We cannot agree this was an improper comment—or any comment at all—on defendant's failure to testify. The limitation on a prosecutor's argument "does not prohibit a reference to the failure of a defendant to offer evidence but only to the failure of the accused to testify." *State v. Williams,* 597 S.W.2d 722 [3, 4] (Mo.App.1980), and cases therein cited.

Affirmed.

KAROHL, P.J., and REINHARD and CRANDALL, JJ., concur.