**Chester WARD, Movant–Appellant,**

**v.**

**STATE of Missouri, Respondent–Respondent.**

**No. 53242.**

Missouri Court of Appeals, Eastern District, Division One.

March 29, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1988.

Application to Transfer Denied June 14, 1988.

James S. McKay, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., L. Timothy Wilson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of first-degree murder and was sentenced under the Second Offender Act, § 556.280, RSMo 1969, to life imprisonment. We affirmed his conviction on appeal. *State v. Ward,* 518 S.W.2d 686 (Mo.App.1975).

Subsequent to the filing of movant's pro se motion and the appointment of counsel, a first amended motion was filed, alleging five instances of trial counsel's ineffective representation. At the evidentiary hearing movant, his wife, and his trial counsel testified. The motion court entered findings of fact and conclusions of law, denying movant's motion.

In his sole point on appeal, movant contends the court erred in failing to find his counsel afforded him ineffective assistance because the evidence at the hearing established counsel failed to investigate alibi witnesses, whose names, addresses, and phone numbers movant had provided him.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915.

At the evidentiary hearing, movant testified he gave counsel the names, addresses, and phone numbers of five alibi witnesses, but none of the witnesses were called at trial. Two of the witnesses were movant's brother and sister, both of whom movant said were present at his trial. Movant stated he contacted the witnesses by letter after his conviction, and they indicated to him they had never been contacted by his attorney. Movant's wife testified that she was with movant at the time of the crime, that movant's brother and sister visited them that day, and that she was never contacted about movant's trial. Movant's trial counsel testified he had no recollection of being informed of any alibi witnesses and his file contained no reference to any alibi witnesses. Counsel stated he believed he would have presented any known alibi defense because the state had only one witness to identify movant. The court accepted counsel's testimony and found movant "did not produce sufficient believable evidence that his trial attorney failed to contact or produce witnesses that he knew he should have produced."

The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

Counsel cannot be held ineffective in failing to act on information he did not have at the time of trial. *Battle v. State*, 674 S.W.2d 179, 181 (Mo.App.1984). The court's findings and conclusions on this point are not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.