Reginald PERKINS, Movant–Appellant,

v.

STATE of Missouri,
Respondent-Respondent.

No. 53305.

Missouri Court of Appeals,
Eastern District,
Division One.

April 12, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
May 16, 1988.

Application to Transfer Denied
June 14, 1988.

Beverly A. Beimdiek, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion following an evidentiary hearing. We affirm.

Movant entered an Alford plea to a charge of first degree robbery involving a January 29, 1983, offense and pled guilty to another first degree robbery charge involving a February 24, 1983, offense. He received two concurrent 17-year sentences.

In his Rule 27.26 motion, amended after appointment of counsel, movant claimed that his pleas were rendered involuntary by his trial attorney's ineffectiveness. He alleged counsel failed to contact alibi witnesses and eyewitnesses, failed to file a motion to compel discovery of the names and addresses of the state's witnesses, and failed to file a motion to suppress movant's identification.

At the evidentiary hearing, movant presented his own testimony and that of Karen Noah and Yolanda White. Ms. Noah stated that she and movant had been dating since 1976. She said she, her mother, another woman, and movant had gone shopping together on January 28 or 29, 1983, adding, "I think it was on a Friday." She said she remembered the shopping trip because movant had spent $63.00 on a pair of shoes for himself and had bought her a $1.00 flower pot. She testified she and movant went home after the shopping trip, remained there that night, and she did not recall a departure by movant from the house at any time on the morning of January 29, 1983. The robbery occurred about 5:45 that morning. Ms. Noah testified she had spoken with movant's attorney twice, including once on the evening before he was to go to trial at which time she told the attorney she could not be in court the following morning because she had small children and needed advance notice. She said she never received a subpoena to appear in court. She said she had told the attorney about the shopping trip.

Ms. White testified that movant was her niece's father and that the girl lived with him. She said she picked up her niece at movant's house "every morning" to take her to school. Asked if she recalled picking up her niece on January 29, 1983, she stated, "I can't recall the exact date, but I remember picking her up in that time." Ms. White said she could not recall a morning when she did not see movant and Karen Noah at the house when she picked up her niece for school. Ms. White testified that she was never contacted by an attorney for movant nor did she receive a subpoena to testify at his trial.

Movant testified he asked his attorney to contact state's identification witness Ralph Fries, whose name was contained in the police report; Dennis Cummings, the victim; and alibi witnesses Noah and White, regarding the January 29, 1983, robbery. He admitted his attorney contacted Ms. Noah twice, including "once on the telephone while I was present." Movant said his daughter attended school five days a week, Monday through Friday, and that Ms. White picked her up about 7:30 a.m. on school days. Movant stated that he thought Ms. White picked up the girl on January 29 to take her somewhere other than school. Movant said he wanted counsel to contact Fries because "I thought he could be of great help to me on identification" and "I was quite sure that he could help me clear it up with the identification that he gave." Movant said his attorney had informed him she had contacted Cummings at his place of employment.

Movant testified he asked his attorney to contact Marvin Wilson and Ozell Wilkerson concerning the February 24, 1983, robbery. The extent of movant's testimony concerning Wilson and Wilkerson was that Wilson "was a vital witness in the [February] 24th robbery because he was supposedly been there" and movant "was in the company of Mr. Wilkerson on [February] 24th, 1983." Movant also testified he asked his attorney to file a motion to compel discovery of the addresses of the state's witnesses. Movant's trial counsel was not called to testify at the hearing.

The court denied the Rule 27.26 motion concluding that the transcript of movant's plea hearing indicated his pleas were voluntary. The court also entered findings and conclusions concerning the various alibi witnesses and eyewitnesses. The court took note of its own records and found that Ms. Noah had been endorsed as a possible defense witness and that motions to suppress identification and compel discovery were filed.[1]

On appeal, movant alleges the court erred in denying his motion based on its finding that his pleas were voluntary because

[h]e testified, as did two additional witnesses, that he was not involved in either robbery but that due to his attorney's failure to locate all necessary witnesses, [he] was left with no alternative, on the day his case was set for trial, but to plead guilty rather than to face a trial with an unprepared defense.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912,915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915.

■ The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987).

■ To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668,687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856,857 (Mo. banc 1987) (emphasis in original). The two-part *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 57–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). To satisfy the prejudice requirement, a movant must show there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. *Armour,* 741 S.W.2d at 688, *citing Hill,* 474 U.S. at 57–59, 106 S.Ct. at 370.

■ Counsel has a duty to make a reasonable investigation, which includes contacting potential witnesses named by the client who might aid in his defense.

---

1. At the plea hearing, movant's trial counsel asked that the record reflect that she had filed motions to suppress identification in both causes and motions for sanctions and a "motion in limine to exclude" pertaining to the February robbery. At the plea hearing, movant said he had no complaints about counsel's representation, and he said she had not refused to comply with any of his requests.

The plea hearing transcript indicates the state had a strong case against movant on both robbery charges. The prosecutor stated that the victim of the January 29 robbery would testify that movant was the man who took money from him at gunpoint, and the prosecutor said there would be two eyewitnesses who would provide testimony that movant was at the scene immediately before the February 24 robbery and that he departed with the man who had used a sawed-off shotgun to persuade the victim to part with $300 cash. Both robberies occurred at the same convenience store. Movant admitted the prosecutor's recital of the facts of the February 24 robbery was substantially correct.

*Bohlen v. State,* 743 S.W.2d 425, 428 (Mo. App.1987). When an ineffective assistance of counsel claim is based on an alleged failure to investigate, a movant must prove at the hearing that a reasonable investigation would have disclosed specific information that would have aided his defense. *See Armour,* 741 S.W.2d at 688; *see also Thomas v. State,* 736 S.W.2d 518, 519 (Mo. App.1987).

■ Movant admits his trial attorney contacted Ms. Noah and robbery victim Cummings; any claim that she failed to contact them is incorrect. Movant provided no evidence, only his own conclusions, that attorney contacts with Fries, Cummings, Wilson, and Wilkerson would have aided his defense. Ms. White could not provide an alibi for 5:45 a.m., the time of the January 29, 1983, robbery. Moreover, she had no definite recollection of picking up movant's daughter on the morning of January 29, 1983, and she did not testify that she picked up the girl for any reason other than to take her to school which, according to movant's testimony, would have been on a weekday. As the motion court pointed out in its findings, the robbery occurred on a Saturday. Therefore, any contact with Ms. White by counsel would not have provided information useful to movant's defense. The record refutes movant's claims about his counsel's failure to file motions to suppress his identification and to compel discovery.

■ Because of the strength of the state's case and our conclusion that potential witnesses not contacted by movant's attorney would not have aided his defense, we believe there is no reasonable probability movant would not have entered his pleas if counsel had contacted the witnesses. The findings, conclusions, and judgment of the motion court are not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.