Steve **WRIGHT–EL,** Appellant,

v.

**STATE of Missouri,** Respondent.

No. 53867.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 20, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 19, 1988.

Application to Transfer Denied
Dec. 13, 1988.

Dorothy Mae Hirzy, Sp. Public Defender, Michael D. Burton, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Appellant pled guilty on July 16, 1986 to two counts of felony stealing and two counts of receiving stolen property and was sentenced as a persistent offender to four concurrent nine-year terms. Appellant filed a 27.26 motion and after an evidentiary hearing the court found appellant's plea was voluntary but concluded the state failed to prove his status as a persistent offender beyond a reasonable doubt and ordered a resentencing hearing. At the resentencing hearing the state submitted seven prior authenticated convictions. The court sentenced appellant as a persistent offender to four concurrent nine-year terms. We affirm.

Appellant relies on two points in his appeal: (1) the court denied him the right to represent himself at trial which coerced him to plead guilty; (2) the court violated his due process rights by sentencing him as a persistent offender when the state submitted conviction records containing names which did not exactly match appellant's name.

Appellate review of a ruling on a 27.26 motion is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). We should affirm unless we are left with a "definite and firm impression that a mistake has been made." Id. at 857; *Perkins v. State*, 750 S.W.2d 594, 596 (Mo.App.1988) [3]. Appellant must prove his asserted grounds for relief by a preponderance of the evidence. *Per-*

*kins*, 750 S.W.2d at 596; *Ward v. State* 750 S.W.2d 530, 532 (Mo.App.1988) [1].

Appellant contends the court denied him the right of self-representation. Although appellant now expresses dissatisfaction with the services of his court-appointed counsel and now asserts he wanted to represent himself, at no time did appellant file any motions with the trial court or express his desire to proceed pro se. At the guilty plea proceedings he repeatedly testified he was satisfied with his counsel. His counsel testified before the motion court that he did not recall appellant requesting to proceed pro se.

The Sixth Amendment grants a defendant the right to represent himself. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975)[4]. The state may not force counsel on a defendant who wants to conduct his own defense. *State v. Herron*, 736 S.W.2d 447, 449 (Mo.App.1987) [1]. The defendant must knowingly and intelligently waive the right to counsel, *State v. Gilmore*, 697 S.W.2d 172, 174 (Mo.1985) [4] cert. denied 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992, in an unequivocal and timely manner. *State v. Wilson*, 750 S.W.2d 560, 564 (Mo.App.1988) [7,8]; *State v. Herron*, 736 S.W.2d 447, 449 (Mo.App.1987). *See* generally Annot., Accused's Right to Represent Himself in State Criminal Proceeding—Modern State Cases, 98 A.L.R.3d 13 §§ 13, 15 (1980); 2 J. Cook, Constitutional Rights of the Accused § 8.1 (2d ed. 1986).

Appellant offers no credible evidence that he asserted his right of self-representation in a timely or unequivocal manner. Appellant's only evidence is his own testimony at the evidentiary hearing. A motion court is not required to believe testimony. *Perkins v. State*, 750 S.W.2d 594, 596 (Mo.App.1988) [3]. Credibility of a witness is a matter for the motion court, *Stubenrouch v. State*, 752 S.W.2d 327, 329 (Mo.App.1988) [6], and its findings should not be disturbed unless clearly erroneous. The motion court found appellant's testimony to be contradictory and unworthy of belief. Since appellant expressed no desire to proceed pro se at the guilty plea proceedings, and testi-

**490**

fied he was satisfied with his legal representation, we hold that appellant's claim that he was denied the right of self-representation is unsupported by any credible evidence.

 Appellant also contends the court violated his due process rights by sentencing him as a persistent offender when the state submitted conviction records with names that did not exactly match appellant's name.

Missouri courts may impose extended terms for persistent offenders. § 558.016.6 RSMo 1986. A persistent offender is one "who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." § 558.016.3 RSMo 1986. The state must prove the prior convictions beyond a reasonable doubt. *State v. Martin*, 336 S.W. 2d 394, 396–97 (Mo.1960)[4].

Identical first and last names is prima facie evidence of identity of the person. *State v. Madden*, 394 S.W.2d 317, 320 (Mo.1965) [5]; *Simpson v. State*, 753 S.W.2d 42 (Mo.App.1988). Prima facie evidence, if not refuted, constitutes proof beyond a reasonable doubt. *State v. Mays*, 622 S.W.2d 21, 23 (Mo.App.1981) [5] (Citing *Bailey v. Alabama*, 219 U.S. 219, 234, 31 S.Ct. 145, 148, 55 L.Ed. 191 (1911)). The absence or inclusion of a middle name does not defeat the prima facie case since a middle name has little, if any, legal significance. *State v. Cook*, 463 S.W.2d 863, 868 (Mo.1971) [8] (the difference between a name with a middle initial and one without an initial "is not significant"); *State v. McBurnett*, 694 S.W.2d 769, 771 (Mo.App. 1985) [1] (Appellant used middle initial; conviction record contained middle name); *State v. McMillan*, 593 S.W.2d 629, 635 (Mo.App.1980) [12] ("The identity of the first and last names alone authorized a finding by the trial court that defendant was the person previously convicted.")

Appellant contends the state failed to prove a prima facie case because names varied in the conviction records. Four records contained the name Steven Wright, two contained the middle name "Wesman" and one contained the middle initial "W".

None referred to him by his new name Steven Wright–El. Appellant concedes he is known as Steven Wesman Wright and Steven W. Wright.

Appellant, by his own words, bolsters the state's claim by admitting he is a prior offender and uses the same names contained in the conviction records. He offers no proof to rebut the state's prima facie case other than a legally insignificant variance in names.

The findings and conclusions of the motion court are amply supported by the record and the judgment is, accordingly, affirmed.

PUDLOWSKI, C.J., and SIMEONE, Senior Judge, concur.