Steffon WHITE, Appellant,

v.

STATE of Missouri, Respondent.

No. 56310.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 31, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 1989.

Application to Transfer Denied
Jan. 10, 1990.

---

Cheryl Rafert, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

On February 24, 1988, movant pled guilty to two counts of second degree burglary and single counts of first degree tampering, second degree tampering, and failure to appear. At his sentencing hearing on April 8, 1988, the trial court suspended imposition of sentence and released movant on a two-year term of supervised probation. After violating his probation,

movant was sentenced on July 15, 1988, to a total of fifteen years' imprisonment. Movant filed his Rule 24.035 motion on September 13, 1988. Movant alleges that the motion court erred in denying him an evidentiary hearing on his claim of ineffective assistance of counsel.

In order to be entitled to an evidentiary hearing on a 24.035 motion, movant must allege facts, not conclusions, warranting relief; those facts must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant. *Chapman v. State*, 720 S.W.2d 17, 18 (Mo.App., E.D.1986). After a guilty plea, ineffective assistance of counsel is relevant only if it affected the voluntariness of the plea. *Troupe v. State*, 766 S.W.2d 722, 723 (Mo.App., E.D.1989). Our review of the motion court's decision is limited to determining whether its findings and conclusions are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 24.035(j).

Movant first claims that his counsel failed to advise him of the facts and circumstances of the charges. He alleges that his attorney failed to discuss police reports, the potential testimony of the State witnesses, the facts and circumstances surrounding the charges, and the nature of the trial. However, the record of the plea proceedings refutes these allegations:

Q. Mr. White, have you thoroughly discussed these charges with your lawyer?

A. Yes, sir.

    *    *    *    *    *    *

Q. Are you satisfied with Ms. Randall's investigation of all of these cases?

A. Yes.

Movant's first point is denied because his contention is completely refuted by the record and the motion court was not erroneous in its findings.

Movant next claims that his attorney told him to lie during the guilty plea proceedings. The record, however, refutes this contention:

Q. Mr. White, have you thoroughly discussed these charges with your lawyer?

A. Yes, sir.

Q. And has she told you to tell the truth here today?

A. Yes, sir.

Furthermore, a mere allegation that an attorney tells a movant to lie at a guilty plea hearing does not entitle movant to an evidentiary hearing. *Wade v. State*, 698 S.W.2d 621, 623 (Mo.App., E.D.1985). Because movant has not alleged sufficiently specific facts to show that he lied, the motion court's action was not clearly erroneous on this point.

■ Movant's third claim is that his counsel advised him to plead guilty despite the victims' decision not to prosecute movant and the State's inability to prove the crimes. This claim appears to state a claim of ineffectiveness of counsel due to a failure to investigate his case. The question presented is whether movant's counsel was ineffective for failing to render services that conform with the degree of skill and competence of a reasonably competent attorney, whether movant was prejudiced, and whether movant's pleas of guilty were involuntary. *Bailey v. State*, 738 S.W.2d 577, 578 (Mo.App., E.D.1987) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985)).

Here, the record refutes movant's contention that he was forced to plead guilty because his counsel failed to investigate and assess the State's case.

Q. Are you pleading guilty here today because you are in fact guilty and for no other reason?

A. Yes, sir.

Movant does not allege facts to show that he would not have agreed to plead guilty without his attorney's failure to investigate his case. The record shows that movant expressly and voluntarily admitted his guilt because he was guilty and not because the evidence was overwhelming. Finally, the record shows that counsel for the State was fully prepared to show that the movant committed the crimes.

■ Finally, movant claims that his attorney promised him a different sentence than he ultimately received. Movant claims that his counsel told him that if his probation were revoked, the most he would receive would be a five to seven year sentence. The record, again, refutes this point. During the guilty plea hearing, movant stated that no one made any promises to cause him to plead guilty. Even if the movant's attorney made the statement, the movant was informed about the legal range of punishments. Hence, since appellant agreed that there were no other promises made to cause him to plead guilty, other than the plea bargain, the motion court was not erroneous in finding the record refuted this claim.

Therefore, no basis for relief exists under Rule 24.035, and the motion court order denying the motion without an evidentiary hearing was not clearly erroneous.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.