Steven **WRIGHT–EL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 65151.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 13, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 25, 1995.

David C. Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Steven Wright–El, appeals from the St. Louis County Circuit Court's denial of his Rule 24.035 motion without an evidentiary hearing. We remand for an evidentiary hearing to determine whether a prior stealing conviction of appellant was subsequently vacated, and whether failure of appellant's counsel to raise this point at the plea hearing constituted ineffective assistance of counsel. We affirm in all other respects.

On December 13, 1992, appellant was arrested for shoplifting and misdemeanor assault. The State charged appellant by information with stealing, third offense, in violation of RSMo § 570.040 (1986) and third degree assault in violation of RSMo § 565.070 (1986).

Under RSMo § 570.040.1, a defendant with two prior convictions for stealing is guilty of a Class C felony upon a third conviction for

stealing. The State set out two prior stealing convictions of appellant in its information: a July 16, 1986, conviction in Division 7 of St. Louis County Circuit Court, and an October 8, 1987, conviction in Division 16 of St. Louis County Circuit Court.

The State subsequently filed an amended information adding a third count seeking enhancement of the Class C felony sentencing range, on the grounds that appellant was a persistent offender pursuant to RSMo § 558.016. (Supp.1994).[1] The State based its persistent offender charge on a July 16, 1986, conviction for receiving stolen property, and the October 8, 1987, conviction for stealing referred to above.

The trial began on May 4, 1993. Before the jury was called in, the court held a hearing for purposes of negotiating a plea. Appellant, representing himself after refusing the services of appointed counsel, objected to the State's attempts to prove appellant's prior stealing convictions and his status as a persistent offender. Appellant argued that his actual conduct was a misdemeanor, and that he could only be charged as a persistent misdemeanor offender. *See* RSMo § 558.016.5. Appellant also objected to the State's "stacking" of enhancement statutes.

The State's amended information used appellant's October 8, 1987, stealing conviction to both upgrade appellant's current offense to a Class C felony, and to enhance appellant's status to that of a persistent offender. The prosecutor orally requested, and was granted, leave to remedy this defect through amendment by interlineation. The prosecutor crossed out the prior October 8, 1987, conviction for stealing and replaced it with a prior June 25, 1976, conviction for armed robbery, so that the amended information alleged four separate prior convictions.

The State offered certified copies of court records as proof of appellant's prior convictions. Exhibit 1–A showed that on July 17, 1986, appellant pled guilty to and was sentenced in Cause No. 540827, Division 7, St. Louis County for stealing, third offense, committed on June 20, 1985. Exhibit 2–A consisted of the judgment and sentence rendered against appellant on October 8, 1987, in Cause No. 539872, Division 16, St. Louis County for felony stealing. The State offered these convictions to upgrade its current charge against appellant from a Class A misdemeanor to the Class C felony of stealing third offense, pursuant to RSMo § 570.040.

Exhibit 3–A evidenced appellant pled guilty on July 16, 1986, in Cause No. 534358, to the felony of receiving stolen property, committed on January 30, 1985. Exhibit 4–A showed appellant pled guilty on June 25, 1976, in Cause No. 76–904–C, to first degree armed robbery, committed on March 19, 1976. The State offered these two convictions to prove appellant's persistent offender status and justify enhancement of his sentence per RSMo § 558.016.

Appellant objected twice to the admission of these convictions, asserting they were inapplicable to the crime for which he was actually arrested, a misdemeanor. The court overruled appellant's objections and received the State's exhibits. The court then found appellant to be a persistent offender, and issued a separate finding of fact to this effect pursuant to RSMo. § 558.021 (Supp.1994).

Appellant moved for a continuance, which the trial court denied. Appellant then "rehired" the public defender originally assigned to represent him. Considerable debate ensued between appellant, appellant's counsel, the prosecutor and the court as to appellant's status as a persistent felony offender and the maximum applicable sentence. At one point the jury was called in and a trial nearly begun. Appellant eventually entered *Alford*[2] pleas of guilty to stealing third offense and third degree assault. After finding appellant voluntarily and intelligently pled guilty, the court sentenced appellant to seven years on the stealing count and one year on

1. A "persistent offender" has pleaded guilty to or has been found guilty of two or more felonies committed at different times. RSMo § 558.016.3. A defendant sentenced as a persistent offender for a Class C felony may receive a maximum sentence of twenty years imprisonment. RSMo § 558.016.7(3).

2. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

the assault count, said terms to run concurrently.

On May 28, 1993, appellant filed a *pro se* Rule 24.035 motion to set aside his conviction for stealing third offense.[3] On September 20, appointed counsel filed an amended motion incorporating the points raised in the *pro se* motion and raising several others. On October 14, appellant filed a motion requesting that the judge disqualify herself, which was contemporaneously denied. The court also denied appellant's request for an evidentiary hearing. On October 25, the court entered findings of fact and conclusions of law, denying appellant's motion for post-conviction relief. This appeal followed.

Appellant raises six points on appeal. Appellant's first two points concern the prior stealing convictions set out in the State's amended information and used as the basis for the State's charge of stealing, third offense.

■ For his first point, appellant contends the motion court clearly erred by characterizing, as "a bare assertion and unsupported by documentation," appellant's claim that the trial court erred in accepting his plea of guilty to stealing, third offense. Appellant alleges the State pled and proved an invalid prior stealing conviction to enhance his underlying misdemeanor to the felony of stealing, third offense. According to appellant, the July 16, 1986, conviction used by the State in its amended information had been set aside in a Rule 27.26 proceeding prior to the plea in this case. Appellant argues Rule 24.035 does not require him to provide "documentation"—or any other form of proof—of this claim prior to an evidentiary hearing. We agree.

A movant is entitled to an evidentiary hearing if he or she alleges facts, not conclusions, warranting relief; those facts are not conclusively refuted by the record; and the matters complained of resulted in prejudice to the movant. Rule 24.035(g); *White v. State*, 781 S.W.2d 167, 168 (Mo.App.E.D. 1989). There is no requirement that a movant provide "documentation" of the allegations he or she raises in a Rule 24.035 motion

in order to be entitled to an evidentiary hearing. Such a requirement would in fact contradict the very purpose for such hearings.

■ Addressing the merits of appellant's allegation, we note that a movant who has pled guilty is entitled to relief if an invalid conviction was used to enhance the movant's sentence. *McDaris v. State*, 843 S.W.2d 369, 374 (Mo. banc 1992). The record before us does not conclusively refute appellant's contention that his July 16, 1986, stealing conviction, set out in the State's amended information, was vacated and therefore invalid for purposes of enhancing appellant's underlying misdemeanor theft to stealing, third offense.

We reach this conclusion despite appellant's misleading assertion that our decision in *Wright–El v. State*, 760 S.W.2d 488 (Mo. App.E.D.1988) corroborates his claim that the conviction was set aside in a Rule 27.26 proceeding. The facts in that decision show the motion court did not vacate appellant's July 16, 1986, conviction, but merely ordered a resentencing hearing on whether appellant was a persistent offender. *Id.* at 489. The resentencing hearing was held on October 8, 1987, wherein the State submitted seven prior authenticated convictions; appellant was then resentenced as a persistent offender to four concurrent nine-year terms. *Id.* This Court affirmed. *Id.*

The inquiry does not end there, however. The record does not conclusively refute appellant's contention that his July 16, 1986, conviction was vacated in a Rule 27.26 proceeding held subsequent to the October 8, 1987 resentencing hearing. Rule 27.26, which was repealed and replaced by Rule 29.15, permitted successive post-conviction motions. *See* Rule 27.26(d) (repealed); *contra* Rule 29.15(k). Rule 29.15 went into effect January 1, 1988, but provided that any Rule 27.26 motions still pending on that date would be governed by the provisions of Rule 27.26 in effect on the date such motions were filed. *See* Rule 29.15(m).

There is the theoretical possibility that appellant did file another Rule 27.26 motion for post-conviction relief after the October 8,

---

**3.** Appellant did not contest his conviction for third degree assault.

1987, resentencing hearing but prior to Rule 29.15's January 1, 1988, effective date. It is also possible that the July 16, 1986, stealing conviction was vacated as a result. Because invalid convictions may not be used to enhance punishment, the trial court would not have had the power to impose the Class C felony sentence for stealing, third offense if that conviction had in fact been set aside. *See McDaris v. State,* 843 S.W.2d at 374.

We believe an evidentiary hearing is necessary to resolve this question. We accordingly remand to the motion court for a determination as to whether a Rule 27.26 motion filed after appellant's October 8, 1987, resentencing hearing was pending on January 1, 1988. If such a motion was pending, the court shall further determine whether appellant's July 16, 1986, stealing conviction was set aside pursuant to that motion.

For his second point, appellant alleges the motion court clearly erred in denying an evidentiary hearing on his claim that the State's amended information was insufficient for failing to adequately charge the elements of stealing, third offense. According to appellant, the State's amended information did not identify sufficient facts to plead and prove that appellant committed the two prior thefts necessary to charge him with stealing, third offense; therefore, the trial court lacked jurisdiction to accept appellant's guilty plea. Appellant specifically claims the October 8, 1987, stealing conviction set out in the amended information evolved from the same incident and involved the same conduct as the July 16, 1986, stealing conviction.

■ We first note appellant's claim that the trial court lacked jurisdiction due to the insufficiency of the State's amended information is not a cognizable claim. "Subject matter jurisdiction of the circuit court and the sufficiency of the information or indictment are two distinct concepts." *State v. Parkhurst,* 845 S.W.2d 31, 34–35 (Mo. banc 1992). Jurisdiction is not dependent upon the sufficiency of the indictment or information. *Id.* An insufficient information does not deprive the trial court of jurisdiction over the matter. *Id.*

■ When insufficiency of an information is raised for the first time after the verdict, the information will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense for which the defendant was convicted, or (2) it prejudices the substantial rights of the defendant to prepare a defense. *Parkhurst,* 845 S.W.2d at 35. A defendant will not be entitled to relief based upon a post-verdict claim of insufficient information unless the defendant demonstrates actual prejudice. *Id.*

The State's amended information set out the following as proof of appellant's prior stealing convictions:

... on or about July 16, 1986, in Division 7, St. Louis County Circuit Court, the defendant was convicted of the offense of stealing, and on or about October 8, 1987, in Division 16, St. Louis County Circuit Court, the defendant was convicted of the offense of stealing.

The State's amended information was not so defective that it failed, by any reasonable construction, to charge the offense for which appellant was convicted. The amended information properly set out the elements required under RSMo § 570.040—two prior stealing convictions. Furthermore, appellant fails to show that the purported lack of specificity in the State's amended information caused actual prejudice to appellant's right to prepare a defense. The original information and the amended information both notified appellant of the stealing, third offense charge and the dates of his prior stealing convictions. At his plea hearing, appellant never contested the State's charge of stealing, third offense, on the grounds that the two convictions used in the State's amended information were for the same crime. We find the amended information sufficiently charged appellant with stealing, third offense, and did not cause actual prejudice to appellant's right to prepare a defense.

Furthermore, the record here conclusively refutes appellant's allegation that the July 16, 1986, stealing conviction set out in the State's amended information was for the same charge and involved the same incident as the October 8, 1987, conviction. No evi-

dentiary hearing is required on a Rule 24.035 motion if the motion, file and record conclusively show the movant is not entitled to relief. *White v. State,* 781 S.W.2d at 168.

The transcript of the appellant's plea hearing shows the State entered, and the trial court received, certified copies of court records as evidence of appellant's July 16, 1986, and October 8, 1987, stealing convictions. Exhibit 1–A shows appellant was convicted July 16, 1986, in Cause No. 540827, Division 7, for stealing third offense, committed June 20, 1985. Exhibit 2–A shows appellant was convicted October 8, 1987, in Cause No. 539872, Division 16, for stealing over $150, committed November 17, 1985. Therefore, the State used two different crimes, committed on two different dates, identified by two different cause numbers, and pled to in two different circuit court divisions, to enhance appellant's underlying misdemeanor to a Class C felony.

We limit our review of the denial of an evidentiary hearing on a Rule 24.035 motion to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(j); *Brewer v. State,* 823 S.W.2d 12 (Mo.App.E.D.1991). The motion court did not clearly err in denying an evidentiary hearing on appellant's claim that the State's amended information was insufficient to charge him with stealing third offense. Point denied.

For his third point, appellant contends the motion court clearly erred in denying an evidentiary hearing on his claim that ineffective assistance of counsel rendered his guilty plea uninformed and involuntary. Appellant takes particular issue with the court's finding that his attorney's failure to raise the objections set out in the preceding two points at the plea hearing did not constitute ineffective assistance of counsel, as such objections were meritless.

■ With respect to claims of ineffective assistance of counsel on guilty pleas, this Court asks whether movant's counsel was ineffective for failing to render services conforming with the degree of skill and competence of a reasonably competent attorney; whether movant was thereby prejudiced; and whether movant's plea of guilty was involuntary. *White v. State,* 781 S.W.2d at 169. If an examination of the proceedings of the guilty plea refutes movant's claim the plea was involuntary, movant is not entitled to an evidentiary hearing. *Cain v. State,* 859 S.W.2d 715, 717 (Mo.App.E.D.1993). Movant must show that, but for counsel's errors, movant would not have pleaded guilty and would instead have insisted on going to trial. *Gilliehan v. State,* 865 S.W.2d 752, 755 (Mo.App.E.D.1993).

■ The transcript of appellant's guilty plea hearing shows appellant avowed satisfaction with his appointed attorney, who had been "rehired" by appellant after appellant attempted to represent himself *pro se.* Appellant stated that counsel had done everything asked of him, had answered all of appellant's questions, and had had enough time to consult with appellant prior to the plea. At no time—even when he was specifically asked—did appellant contend that his plea was not voluntarily made.

However, our opinion above shows that appellant's first point, regarding the possible invalidity of the July 16, 1986, conviction, was not meritless. Therefore, the failure of appellant's counsel to raise this point at the plea hearing may have constituted ineffective assistance of counsel. Because these two points are so interrelated, and we are remanding on the first point, we believe it proper to remand for an evidentiary hearing on this point as well.

We accordingly remand for a determination as to whether plea counsel's failure to object to the State's use of the July 16, 1986, stealing conviction did in fact constitute ineffective assistance of counsel. However, we urge the motion court to note that counsel did not represent appellant until midway through the proceedings, after the prior conviction had already been entered into evidence.

For his fourth point on appeal, appellant contends the trial court lacked jurisdiction to sentence him as a persistent offender pursuant to RSMo § 558.016, as the State's amended information used the same October 8, 1987, stealing conviction to both upgrade his underlying crime to a felony and enhance

his sentence to that of a persistent offender. Appellant alleges that because the court never specifically ruled on the State's motion to amend the information by interlineation and replace the October 8, 1987, stealing conviction with a different prior felony conviction, the amended information was never corrected. Appellant asks that this Court remand the case for resentencing within the non-enhanced penalty range.

■ The enhancement provision in RSMo § 570.040 which upgrades a defendant's third stealing conviction to a Class C felony is exclusive; the defendant may not also be punished, on the basis of the same prior stealing convictions, as a persistent offender under RSMo § 558.016. *State v. Dowdy*, 774 S.W.2d 504, 510 (Mo.App.S.D.1989). The question here is whether the State adequately corrected its amended information, so that it did not use the same October 8, 1987, stealing conviction to enhance appellant's underlying crime to a felony and his status to persistent offender. We find the State did remedy this *Dowdy* defect.

■ During the plea negotiations, the prosecutor moved for leave to amend the amended information by interlineation, striking out the October 8, 1987, conviction in its persistent offender charge and replacing it with another prior felony conviction. The State offered Exhibits 3–A and 4–A into evidence as proof of appellant's persistent offender status. The trial court admitted these prior convictions into evidence, and found appellant to be a persistent offender based on these prior convictions. Clearly, the court accepted the amended information as interlineated at that time.

Furthermore, the trial court issued a specific finding of fact pursuant to RSMo § 558.021 [4], finding beyond a reasonable doubt that appellant was a persistent offender due to the prior felony convictions offered by the State in its amended information. The court's finding referred to the June 25, 1976, felony conviction offered by the State

in place of the October 8, 1987, stealing conviction. In light of this finding, appellant exalts form over substance in his insistence that the court's failure to specifically grant the State's motion to amend by interlineation rendered such interlineation meaningless. We find the State amended the information by interlineation with permission and leave of the court, and therefore properly charged appellant as a persistent offender subject to the enhanced sentence set out in RSMo § 558.016. Point denied.

For his fifth point, appellant contends the trial judge clearly erred in failing to disqualify herself pursuant to Rule 51.05 from hearing and deciding appellant's post-conviction claims. Appellant moved for disqualification of the judge on two grounds: she could not serve as judge of the propriety of her own actions at the guilty plea hearing, and she was listed as a witness to be called by appellant at the evidentiary hearing.

■ We first note Rule 51.05 does not apply to Rule 24.035 proceedings. *Thomas v. State*, 808 S.W.2d 364, 367 (Mo. banc 1991). A post-conviction movant may move for disqualification of the judge only on constitutional due process grounds that the judge is biased or prejudiced against movant. *Id.* Furthermore, the judge is entitled to the presumption he or she will not undertake to preside over a trial or hearing in which he or she cannot be impartial. *Boxx v. State*, 857 S.W.2d 425, 428 (Mo.App.E.D.1993). We limit our review to determining whether a reasonable and disinterested bystander would reasonably question the impartiality of the judge. *Id.*

■ Judges presiding over post-conviction motions are not disqualified simply because they presided over the trial or guilty plea. *State v. Wise*, 879 S.W.2d 494, 523 (Mo. banc 1994). "Mere familiarity with the underlying proceedings does not disqualify a trial judge presiding over post-conviction relief proceedings ... In fact, absent a conflict,

---

4. RSMo § 558.021.3 mandates that the court receiving a guilty plea enter a finding that the defendant is a prior offender, persistent offender, or dangerous offender prior to sentencing. Due process requires an express determination of a

defendant's status as a persistent offender before he or she can be sentenced as such. *Scharnhorst v. State*, 775 S.W.2d 241, 244–245 (Mo.App.W.D. 1989).

the original court is recognized as generally the better and most expeditious forum for the subsequent action." *Logan v. State*, 712 S.W.2d 9, 11 (Mo.App.W.D.1986) (citations omitted). A disqualifying bias or prejudice has an extrajudicial source, resulting in an opinion on the merits based on something other than what the judge learned from his or her participation in the case. *State v. Hunter*, 840 S.W.2d 850, 866 (Mo. banc 1992).

■ Here, the only reasons given by appellant to support his argument that the judge was biased and prejudiced against him are the judge's denial of his motion for a continuance at the plea hearing, and the enhanced sentence imposed by the judge. The judge's denial of a continuance was well within her discretion. Furthermore, appellant's contention that the judge imposed an unlawful sentence was meritless, as determined above. Appellant did not allege that the judge possessed personal knowledge of matters outside the proceedings or was more personally involved in the proceedings than her role as judge required. In other words, appellant does not allege bias or prejudice on the part of the judge approaching the level of a due process violation.

■ Appellant also asserts the judge should have disqualified herself because appellant intended to call her as a witness at the evidentiary hearing. Absent a compelling reason to call the judge as a witness at the post-conviction hearing, the judge is not disqualified from ruling on the motion for post-conviction relief. *State v. Wise*, 879 S.W.2d at 523. As all post-conviction judges who presided over the trial or plea hearing will have witnessed the earlier proceedings, forcing recusal of the judge simply by endorsing him or her as a witness will frustrate an important purpose of Rule 24.035: avoiding delay in the processing of prisoners' claims and preventing litigation of stale claims. *Id.; Thomas v. State*, 808 S.W.2d at 366. Here, this Court must assume appellant intended the judge to testify about her actions at the plea negotiations. Inasmuch as a court may take judicial notice of its own prior records, there was no compelling need for the judge to be called as a witness. *See Logan v. State*, 712 S.W.2d at 11.

The judge's failure to disqualify herself was not a violation of appellant's due process, nor was there a compelling need for the judge to be called as a witness at a post-conviction evidentiary hearing. Point denied.

For his final point, appellant contends the motion court clearly erred in not submitting findings of fact or conclusions of law on appellant's *pro se* Rule 24.035 claims, which had been incorporated into appellant's amended Rule 24.035 motion.

■ The motion court must issue findings of fact and conclusions of law on all issues presented, whether or not an evidentiary hearing is held. Rule 24.035(i); *Sederes v. State*, 776 S.W.2d 479, 480 (Mo.App. E.D.1989). Specific findings and conclusions are required, and may not be supplied by implication from the motion court's ruling. *Id.* However, if the movant is not entitled to relief as a matter of law, any deficiencies in the findings of fact and conclusions of law drawn by the motion court after denial of an evidentiary hearing do not necessitate remand for additional findings and conclusions. *Nunn v. State*, 824 S.W.2d 63, 65 (Mo.App. E.D.1991).

Several points raised in appellant's *pro se* motion were addressed either in the amended motion or in this appeal. Appellant's claim that the trial court lacked jurisdiction because the State's amended information was insufficient for charging stealing, third offense, is addressed above. Appellant's allegations of ineffective assistance of counsel and of bias and prejudice on the part of the judge are likewise addressed in this opinion.

Appellant also claims in his *pro se* motion that the trial court erred in upgrading appellant's misdemeanor theft to the felony of stealing third offense and then using that felony to enhance the applicable sentence to that of a persistent offender. Appellant's claim that such "stacking" of enhancement statutes is erroneous is rebutted by our decision in *State v. Van*, 665 S.W.2d 373 (Mo. App.E.D.1984). In that case, this Court upheld, as authorized by statute, identical enhancement of a defendant's misdemeanor theft. *Id.* at 374. *State v. Van* is directly on point. Appellant is not entitled to relief on

this claim, as a matter of law. Therefore, remand for additional findings and conclusions on this particular point is not necessary. *Nunn v. State*, 824 S.W.2d at 65.

All the points raised by appellant in his *pro se* Rule 24.035 motion were addressed in his amended motion or in this appeal. We find no reason to remand for further findings of fact and conclusions of law. Point denied.

We remand for an evidentiary hearing on whether appellant's July 16, 1986, stealing conviction was vacated pursuant to a Rule 27.26 motion, and whether plea counsel's failure to raise this issue at the plea hearing constituted ineffective assistance of counsel. We affirm in all other respects.

REINHARD, P.J., and CRAHAN, J., concur.