ROBERT S. BARNEY, Judge.
Appellant was convicted, following a jury trial, of the Class C felony of stealing, pursuant to section 570.030.[1] She was sentenced by the trial court as a prior and persistent offender, pursuant to sections 558.016 and 557.036, to a term of fifteen years imprisonment.[2] In her sole point on appeal, Appellant contends the trial court erred in sentencing her as a prior and persistent offender because Respondent State of Missouri (“the State”) failed to prove she was a prior and persistent offender beyond a reasonable doubt. Specifically, she asserts the State did not prove that she was the person convicted of several felonies in Sedgwick County, Kansas, in 1995 and of a felony in Jasper County, Missouri, in 1991. We affirm the judgment of the trial court.
As stated in State v. Johnson, 150 S.W.3d 132,136 (Mo.App.2004),
The trial court shall find a defendant to be a prior and persistent offender if: 1) the State pleads in the indictment or information, original or amended, or in the information in lieu of indictment, all essential facts warranting a finding that the defendant is a prior and persistent offender; 2) the State introduces suffi- *842 dent evidence to warrant a finding that the defendant is a prior and persistent offender; and 3) the trial court finds beyond a reasonable doubt that the defendant is a prior and persistent offender.
See also § 558.021.1; § 558.016.[3] When the State relies on a previous conviction of an accused to impose a more severe punishment, that conviction must be proved beyond a reasonable doubt. State v. Lawson, 86 S.W.3d 183, 186 (Mo.App.2002); § 558.021.
The record shows that at trial the State sought and obtained the admission into evidence of Exhibit 6, the certified record of Appellant’s prior conviction in Jasper County, Missouri. At that time, Appellant’s attorney stated, “we have no objection to the introduction of that Exhibit.”
Appellant concedes that she did not properly preserve this point for appellate review and, therefore, requests plain error review under Rule 30.20. “A defendant’s claim of plain error must establish on its face substantial grounds for us to believe a manifest injustice or a miscarriage of justice occurred; otherwise, we will decline to review for plain error.”
Johnson, 150 S.W.3d at 136. “Plain error review is appropriate where it appears a defendant has been improperly sentenced as a prior or persistent offender.” Id. The plain error rule is to be used sparingly and does not justify a review of every point that has not been preserved properly. State v. Lubbers, 81 S.W.3d 156, 160 (Mo.App.2002). Plain errors are evident, obvious, and clear. State v. Louis, 103 S.W.3d 861, 864 (Mo.App.2003). We determine whether such errors exist based on the facts and circumstances of each case. See State v. Williams, 9 S.W.3d 3, 12 (Mo.App.1999).
However, “[a]s distinguished from a simple failure to object, an announcement by the defense of ‘no objection’ amounts to an affirmative waiver of appellate review of the issue.” State v. Williams, 118 S.W.3d 308, 313 (Mo.App. 2003). Accordingly, we deny plain error review as to any issue relating to the Jasper County guilty plea and conclusively determine that the “Patty M. Johnson” set out in the Jasper County conviction is the same person as Appellant.[4]
Appellant also claims that the State’s Exhibit 1, the certified record of Appellant’s prior Kansas convictions,[5] is *843 insufficient because there are “no identifiers” showing that the “Pattie E. Johnson” named in the records from Kansas is, as she terms it in her point relied on, the present Appellant, “Patti E. Johnson.”[6]
“[T]he identity of first and last names authorizes a finding that defendant was the person previously convicted.” State v. Green, 674 S.W.2d 615, 623 (Mo.App.1984); see also Wright-El v. State, 760 S.W.2d 488, 490 (Mo.App.1988); State v. Madden, 394 S.W.2d 317, 320 (Mo.1965). “Equally well-established, however, is the rule that identity of names makes a prima facie showing that the person named in a record is in fact the defendant for the purpose of invoking habitual criminal acts.” Mays, 622 S.W.2d at 23. “Prima facie evidence, if not refuted, constitutes proof beyond a reasonable doubt.” Wright-El, 760 S.W.2d at 490; see also Mays, 622 S.W.2d at 23. “Reliance upon prima facie evidence does not violate the constitutional requirement of proof beyond a reasonable doubt....” Mays, 622 S.W.2d at 23.
Furthermore, “[t]he absence or inclusion of a middle name does not defeat the prima facie case since a middle name has little, if any, legal significance.”[7] Wright-El, 760 S.W.2d at 490. In fact, in State v. McMillan, the reviewing court determined that “[t]he identity of first and last names alone authorized a finding by the trial court that defendant was the person previously convicted.” State v. McMillan, 593 S.W.2d 629, 635 (Mo.App.1980);[8] State v. Michael, 361 S.W.2d 664, 666 (Mo.1962).
It is true that the spelling of Appellant’s name as “Patti” is slightly different from the spelling of her name as “Pattie” in the Kansas judgment. However, “[u]nder the doctrine of idem sonans, absolute accuracy in spelling names is not required in civil or criminal proceedings, where the names sound the same such that an attentive ear finds difficulty in distin *844 guishing them when pronounced.... ” State v. McGreevey, 832 S.W.2d 929, 932 (Mo.App.1992). This doctrine applies here “and no error in the spelling of [Patti E. Johnson’s] name exists such that [she] may not be sentenced as a [prior and persistent] offender.” Id.
Lastly, the record reveals that Appellant made no claim in the trial court that she was not in fact the person named in the Kansas convictions, and she offered no evidence to refute the State’s prima facie showing. Appellant has never asserted, and does not now assert, that she was not convicted of the prior felonies; she merely challenges the proof required to find that she was a prior and persistent offender. Where, as here, an Appellant offers no evidence to rebut the prima facie showing of a prior felony conviction, the trial court may act in reliance upon that evidence. State v. Shumate, 516 S.W.2d 297, 300 (Mo.App.1974).
Here, the evidence adduced was sufficient to sustain the trial court’s determination that Appellant was the person named in the prior Kansas convictions. See State v. Fields, 616 S.W.2d 86, 87 (Mo.App.1981); Mays, 622 S.W.2d at 23 (holding that where the “[defendant having neither challenged nor rebutted the evidence of the [previous] conviction, that evidence overcame [the] presumption of innocence as to that essential element of the case and it sufficiently established the ... previous convictions to support the judgment under [section] 558.016”).
Additionally, following the close of the State’s evidence, Appellant made a record regarding her choice not to testify. She acknowledged having “at least ... two pri- or felony convictions” on her record. See McMillan, 593 S.W.2d at 635. “Appellant, by [her] own words, bolsters the [S]tate’s claim, by admitting [s]he is a prior offender-” Wright-El, 760 S.W.2d at 490. Point denied.
The judgment of conviction and sentence of the trial court is affirmed.
PARRISH, P.J., and BATES, C.J., concur.

. Unless otherwise specified, all statutory references are to RSMo 2000 and all Rule references are to Missouri Court Rules (2005).

. As Appellant does not challenge the sufficiency of the evidence to support her conviction, a detailed recitation of the facts underlying her conviction is unnecessary in the present matter.

.Section 558.016 provides, in pertinent part,
1. The court may sentence a person who has pleaded guilty to or has been found guilty of an offense to a term of imprisonment as authorized by section 558.011 or to a term of imprisonment authorized by a statute governing the offense, if it finds the defendant is a prior offender or a persistent misdemeanor offender, or to an extended term of imprisonment if it finds the defendant is a persistent offender or a dangerous offender.
2. A "prior offender” is one who has pleaded guilty to or has been found guilty of one felony.
3. A "persistent offender” is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times.

. Appellant, of course, offered no evidence at trial rebutting the prima facie showing of this prior conviction. "Prima facie evidence is sufficient evidence to outweigh the presumption of innocence and if not met by opposing evidence to support a verdict of guilty.” State v. Mays, 622 S.W.2d 21, 23 (Mo.App.1981) (quoting Bailey v. Alabama, 219 U.S. 219, 234, 31 S.Ct. 145, 149, 55 L.Ed. 191 (1911)).

. In regard to prior convictions from outside of the State of Missouri, "our trial courts are empowered at their election to impose sentencing in place of the jury upon a finding that the accused stands convicted of a previous felony from any other jurisdiction (i.e., federal or sister state), without any additional proof or showing that the prior felony conviction is also a felony under Missouri law.” *843 State v. Rellihan, 662 S.W.2d 535, 546 (Mo.App.1983).

.We note that Appellant identifies herself in her point relied on as "Patti E. Johnson;” however, the trial court’s judgment sets out her name as "Patti Elizabeth Johnson." Exhibit 1 reveals that "Pattie E. Johnson” was sentenced to a total of 21 months in the custody of the Kansas Secretary of Corrections arising from convictions relating to eight different counts. Count 1 shows the offense of burglary was committed on 4/8/94 for which she was sentenced to 21 months imprisonment; Count 2, theft, was committed on the same date, for which she was sentenced to 10 months imprisonment to run concurrent to Count 1; Counts 3, 6, 7 and 8 for forgery were committed on 4/10/94 with a prison sentence of 14 months each and all to run concurrent with Count 1; and, Counts 4 and 5 for forgery were committed on 4/9/94 for which she was sentenced to 14 months imprisonment, concurrent with Count 1. Indeed, in its finding that Appellant was a prior and persistent offender, the trial court made no reference to the Jasper County, Missouri, conviction at all, since the number and severity of Appellant’s convictions set out in the Kansas judgment satisfied the provisions of sections 558.016 and 557.036. See also Kim-mins v. State, 923 S.W.2d 460, 461 (Mo.App. 1996) (holding that “[f]or purposes of determining persistent offender status it is irrelevant that the two prior felonies which occurred on different dates were disposed of in a single proceeding”).

. See State v. Cook, 463 S.W.2d 863, 868 (Mo.1971) (held that the difference between a name with a middle initial and one without a middle initial "is not significant”); State v. McBumett, 694 S.W.2d 769, 771 (Mo.App.1985) (held that there was no difference where the Appellant used a middle initial and the conviction record contained the entire middle name).

. McMillan and Mays were decided under the Second Offender Act, section 556.280, RSMo 1969, the predecessor statute to current sections 558.016 and 558.021. See State v. Smith, 665 S.W.2d 663, 669 (Mo.App.1984).