**STATE of Missouri ex rel. Roger D. HINES, Relator,**

v.

**The Honorable L. F. COTTEY, Special Judge, Respondent.**

**No. KCD 29253.**

Missouri Court of Appeals, Kansas City District.

Aug. 29, 1977.

Motion for Rehearing and/or Transfer Denied Oct. 12, 1977.

Application to Transfer Denied Nov. 14, 1977.

Harry D. Boul, Columbia, for relator.

James G. Gregory, Montgomery City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD, DIXON, SHANGLER, WASSERSTROM, SOMERVILLE and TURNAGE, JJ.

PER CURIAM.

This original proceeding in prohibition seeks to prevent respondent judge from rendering formal judgment and imposing sentence against relator in a misdemeanor case in accordance with the guilty verdict and punishment returned and assessed by the jury before whom relator was tried.

Relator contends the preliminary rule in prohibition issued by this court should be made absolute as respondent judge is divested of jurisdiction to render formal judgment and impose sentence by reason of non-compliance with Rule 27.07(a). Said rule, so far as here pertinent, reads as follows: "If the defendant is convicted, sentence shall be imposed and judgment rendered *without unreasonable delay.*" (Emphasis added.)

Relator's reliance upon Rule 27.07(a) arises in the following context. The Prosecuting Attorney of Boone County filed an information in the Circuit Court of Boone County charging relator with commission of a misdemeanor. The charging prosecutor was given leave to withdraw from the case and the Prosecuting Attorney of Montgomery County was appointed special prosecutor to continue prosecution of the case. The circuit judge to whose division the case was assigned disqualified himself and the Supreme Court transferred respondent to hear the case. The jury before whom relator was tried found him guilty and assessed a fine of $50.00 as his punishment. A motion for new trial filed by relator was never called up; hence, it was overruled by operation of law on December 29, 1974. Relator took an appeal in the underlying case even though respondent judge had never sentenced him or entered judgment in the case. On October 22, 1975, relator's appeal was dismissed by this court on its own motion "as premature because judgment was not entered". A certified copy of this court's mandate was filed in the Circuit Court of Boone County on October 24, 1975. It appears that the case then lay dormant for all practical purposes until on or about March 19, 1976, at which time the special prosecutor wrote relator and inquired about "a convenient date for sentencing". The letter implies that at that time relator's trial counsel no longer represented him in the matter. Relator responded to the special prosecutor's inquiry by letter dated April 26, 1976, wherein he conjunctively submitted some "convenient" dates and questioned respondent judge's right to proceed with sentencing because of the passage of time. Apparently the matter again lay dormant until December 2, 1976, at which time the special prosecutor contacted relator by telephone and again made inquiry about some "convenient dates" for sentencing. Relator, although questioning once more respondent judge's right to proceed with sentencing because of the amount of time which had elapsed, again submitted some "convenient dates". Shortly thereafter relator retained his present attorney who, on December 7, 1976, wrote respondent judge and suggested that he no longer had jurisdiction to sentence relator and any indication that he presently intended to do so would be challenged at the appellate level by seeking out a writ of prohibition. Re-

spondent judge, by letter dated December 13, 1976, informed relator's attorney that unless a writ of prohibition was issued to restrain him he would sentence relator at 9 A.M., December 28, 1976, in the Circuit Court of Boone County, Missouri. Relator responded by obtaining a preliminary rule in prohibition from this court. From inception of the misdemeanor charge to date relator has been permitted at all times to go at large without bail. Furthermore, as one might well expect, relator at no time ever requested or demanded that he be sentenced.

In grappling with the basic issue involved the parties have taken polarized positions. Greatly simplified, relator contends the tormenting language of Rule 27.07(a), "without unreasonable delay", has only a temporal dimension. Hence, a time lapse of over two years following his conviction without imposition of sentence is inordinately long and per se "unreasonable". Such being the case, respondent judge no longer has jurisdiction to sentence relator. Likewise greatly simplified, respondent judge equates Rule 27.07(a)'s command that relator be sentenced "without unreasonable delay" with relator's right to a speedy trial. Respondent judge then urges application of the rigid demand-waiver rule enunciated in *State v. Harper*, 473 S.W.2d 419 (Mo.banc 1971), and held applicable in *State v. Horn*, 498 S.W.2d 771, 774–75 (Mo.1973), to an accused's constitutional right to a speedy trial.

Neither of the extreme views taken by the respective parties offers a satisfactory solution. Under certain circumstances, for example, when a convicted person suffers no prejudice by reason of a delay in sentencing, relator's view would turn Rule 27.07(a) into an offensive weapon for such convicted person. Under certain circumstances, for example, when a convicted person is prejudiced by reason of a delay in sentencing, adoption of respondent judge's view would turn Rule 27.07(a) into nothing more than a pious platitude.

Avoidance of the pitfalls inherent in a stereotyped approach for resolving whether a delay in sentencing constitutes an "unreasonable delay" as proscribed by Rule 27.07(a) necessarily involves a pragmatic analysis of each delay in the context of the totality of its own particular circumstances. Doing so is not without authoritative support. Rule 32(a)(1), Federal Rules of Criminal Procedure, the federal counterpart of Rule 27.07(a), reads in part, as follows: "Sentence shall be imposed without unreasonable delay". *Welsh v. United States*, 348 F.2d 885, 886 (6th Cir. 1965), recognizes that the federal counterpart of Rule 27.07(a) has more than a temporal dimension: "Appellant contends the sentences are void in that they violated the provisions of Rule 32, Rules of Criminal Procedure, which provides, 'Sentence shall be imposed without unreasonable delay.' It is well settled that passage of time alone will not bar imposition of sentence or require a defendant's discharge. But the delay must not be purposeful or oppressive." *Welsh* cites *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 486, 1 L.Ed.2d 393 (1957), where a delay in the imposition of sentence was addressed both in terms of Rule 32(a)(1), Federal Rules of Criminal Procedure, and the Sixth Amendment to the Constitution of the United States. Although the tenor of relator's brief herein clearly disavows any state or federal constitutional implications surrounding the application of Rule 27.07(a), *Pollard v. United States*, supra, 352 U.S. at 361, 77 S.Ct. at 486, augers against the extreme position advanced by both relator and respondent judge regarding Rule 27.07(a): "We will assume *arguendo* that sentence is part of the trial for purposes of the Sixth Amendment. The time for sentence is of course not at the will of the judge. Rule 32(a) of the Federal Rules of Criminal Procedure requires the imposition of sentence 'without unreasonable delay.' Whether delay in completing a prosecution such as here occurred amounts to an unconstitutional deprivation of rights depends upon the circumstances. See, e. g., *Beavers v. Haubert*, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950; *Frankel v. Woodrough*, 8 Cir., 7 F.2d 796, 798. The delay must not be purposeful or oppressive."

■ Logic and reason suggest that a multitude of factors should be considered when establishing criteria for judging when

an "unreasonable delay" in sentencing has occurred. Although both the length of delay and a convicted person's failure to affirmatively demand sentencing are appropriate criteria for judging whether a given delay is "unreasonable" within the purview of Rule 27.07(a), neither constitutes an inexorable, all-inclusive criterion. This court is not prepared to hold that a convicted person's failure to affirmatively demand sentencing, standing alone, precludes him in every instance from successfully challenging a lengthy delay as being "unreasonable". Nor is this court prepared to hold that an unaccountable, lengthy delay in sentencing, standing alone, can never render a delay in sentencing "unreasonable". This court is, however, prepared to hold that a failure to affirmatively demand sentencing and an unaccountable, lengthy delay in sentencing are but two of a multitude of salient considerations which should be weighed and balanced when judging whether a delay in sentencing was "unreasonable". Certain additional considerations, although by no means all-inclusive, readily spring to mind as bearing upon whether a delay in sentencing was "unreasonable". Was the delay purposefully occasioned as a mere facade to unreasonably impose a form of unlimited probation? Did the delay, in and of itself, adversely affect the convicted person's period of incarceration? Has the delay prejudiced the convicted person's rights in the event a new trial is granted on appeal? Was the convicted person lured into believing his prosecution was abandoned? Was sentencing so inordinately delayed that the remedial purpose and effect perceived by society for punishment no longer remained viable?

Tested in the crucible suggested above, the conceded delay in sentencing relator was not "unreasonable" within the meaning and purview of Rule 27.07(a). The record in the instant case is bereft of any hard evidence that the delay in sentencing was purposeful or contrived, that it adversely affected any period of incarceration, that it would in any way impair relator's defense to the charge in the event a new trial is granted on appeal, that relator was lured into believing that his prosecution had

been abandoned, or that the imposition of punishment at the present time would serve no societal purpose. The only hint that presently sentencing relator would be prejudicial springs from relator's contention that doing so is "almost certain" to generate extensive adverse publicity. This contention is stripped of all efficacy by reason of the conjectural hypothesis upon which it necessarily rests, namely, that presently sentencing relator would generate more adverse publicity than would have been generated if he had been timely sentenced.

A fortuitous indifference on the part of the state appears to be the only plausible explanation for the delay in sentencing relator. Relator's inertia in the matter following dismissal of his appeal implies a tacit indifference on his part to the delay which is antithetic to any present claim of prejudice.

The preliminary rule in prohibition in this case, having been improvidently issued, is hereby quashed.

All concur.