STATE of Missouri, Respondent,

v.

Norvel R. McGREEVEY, Appellant.

No. WD 45051.

Missouri Court of Appeals, Western District.

June 9, 1992.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Kevin E.J. Regan, Kansas City, for appellant.

Before LOWENSTEIN, C.J., and BERREY and SPINDEN, JJ.

LOWENSTEIN, Judge.

The defendant, Norvel R. McGreevey, was found guilty of assault in the first degree, assault in the second degree, and two counts of armed criminal action, following a jury-waived trial. The judge then sentenced him to two concurrent ten-year terms for assault, and two concurrent three-year terms for armed criminal action. McGreevey was sentenced as a persistent offender and as a class X offender under §§ 558.016.3, 558.019.4(3), RSMo 1986. McGreevey appeals, arguing three points: 1) the court should have allowed an offer of proof that defendant suffered from a mental disease or defect at the time of the offense, 2) the evidence was insufficient as a matter of law to establish first degree assault, and, 3) defendant should not have been considered a class X offender.

McGreevey appeals from a judgment of guilty, and therefore all facts in conformity with that judgment will be accepted by this court, *State v. Blair*, 691 S.W.2d 259, 260

(Mo. banc 1985). Five firemen from the Independence, Missouri, Fire Department responded to a emergency medical call originating from the defendant's home at two o'clock in the morning. When two firemen arrived in a fire rescue van, they approached the house, but received no response. Three more firemen then arrived in the pumper truck. Captain John Holman and George Turvill got out of the truck, while Martin McEldery remained in the driver's seat. The firemen at the house yelled to Captain Holman, suggesting he check with the driver of a pick-up truck which was now backing towards them.

Captain Holman approached the truck and asked the driver, later identified as the defendant McGreevey, if he needed any help, or knew anything about the alarm, but McGreevey just gave him a "mean look." Turvill testified that he then heard McGreevey shout either "I'm going to shoot you," or "I'm going to kill you," whereupon the defendant swung his arm toward Captain Holman, fired a shot, and struck Holman in the right arm. The firemen were about two or three feet from defendant at the time of the shot. Captain Holman and Turvill then turned and ran for cover. Two or three more shots were heard, which struck the pumper truck; one lodged in the middle of the door of the driver's side, where McEldery was sitting, and would have struck McEldery if it had penetrated the door.

## I.

■ The first point the defendant raises concerns the denial of proof that McGreevey suffered from a mental disease or defect at the time of the shooting incident. McGreevey states that § 552.010, RSMo 1986, which defines "mental disease or defect," excludes "alcoholism without psychosis or drug abuse without psychosis." Simply put, McGreevey maintains that he was suffering a mental defect at the time of the incident which was essentially drug abuse *with* psychosis and hence within the purview of a mental disease or defect, per § 552.010. McGreevey offered the testimony of Dr. Steven A. Mandracchia, a psychologist from the Missouri Department of Health. Dr. Mandracchia was prepared to testify that McGreevey was suffering from "an idiosyncratic intoxication reaction to cocaine use," or a "cocaine induced delirium or dementia." This "dementia," argues McGreevey, is a "psychosis" such that the mental disease or defect defense statute applies. It is true that Missouri at one time allowed a defendant to use voluntary intoxication/drug use as a defense if it negatived the mental state necessary for the crime (§ 562.076.1(1), RSMo 1978; effective January 1, 1979, repealed October 1, 1984).

■ However, there is no current support for this position. Section 562.076.1, RSMo 1986, effective before the date of the incident, states:

A person who is in an intoxicated or drugged condition whether from alcohol, drugs or other substance, is criminally responsible for conduct unless such condition is involuntarily produced and deprived him of the capacity to know or appreciate the nature, quality or wrongfulness of his conduct.

As settled by the cases of *State v. Woltering*, 810 S.W.2d 584, 587–588 (Mo.App. 1991), and *State v. Elam*, 779 S.W.2d 716, 717 (Mo.App.1989), § 562.076.1 brings Missouri back to the common law rule that *voluntary* intoxication is no defense to a criminal charge. There is no showing in the record that Dr. Mandracchia could testify that McGreevey's drugged and demented condition deprived McGreevey of the appreciation of the nature of his conduct, and absolutely no showing that McGreevey's demented state was the result of *involuntary* drug use. There is no error in the judge's exclusion of Dr. Mandracchia's testimony, and the point is denied.

## II.

■ McGreevey's second point questions the sufficiency of the evidence to convict for first degree assault. In a court-tried case, this court must affirm the judgment if it is supported by substantial evidence, *State v. Ingleright*, 782 S.W.2d 147, 149 (Mo.App.1990). Further, this court

must accept as true all evidence and reasonable inferences that support the guilty judgment, disregarding all contrary evidence and inferences, *State v. Blair*, 691 S.W.2d 259, 260 (Mo. banc 1985). A defendant is guilty of first degree assault "if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person," § 565.050.1, RSMo 1986.

■ The evidence and inferences in this case which support the judgement are that five firemen arrived at McGreevey's home in response to an emergency call. Captain Holman and Turvill approached the defendant in his pick-up truck, offering assistance. When they were two to three feet from McGreevey, he gave a mean look, cried "I'm going to shoot you," and immediately did so, wounding Captain Holman in the arm. This is sufficient evidence that McGreevey attempted to cause serious physical injury to Captain Holman, and the point is denied. The testimony of Captain Holman (that McGreevey had acted recklessly and unintentionally), is not relevant under the standard of review. On review, this court does not consider evidence unfavorable to the judgment, *Blair* at 260, and Turvill's testimony as to McGreevey's actions is sufficient to convict for first degree assault.

### III.

■ McGreevey's final point on appeal addresses his sentencing as a class X offender, defined as one who "has previously pleaded guilty to or has been found guilty of three felonies committed at different times," § 558.019.4(3), RSMo 1986. The amended information alleged that defendant had committed three felonies, giving the date, type of crime, court, and case number of each. Certified copies of the sentence and judgment were then introduced for each at trial, as well as photographs, fingerprints, etc., from the former convictions, all three of which had resulted from guilty pleas. McGreevey complains that the names on the judgments were not spelled the same, that the record is silent as to whether he had advice of counsel for any of the convictions, and that the State's amended information did not allege that the previous guilty pleas were made with the advice of counsel.

■ It is true that the spelling from each court file on the convictions is slightly different. In fact, only exhibits relating to one of the convictions gave a correct spelling of the defendant's name, "Norvel Ray McGreevey." The others had mispellings in both his names: "Norvl Ray McGreevy," and "Norville R. McGreevy." Under the doctrine of *idem sonans*, absolute accuracy in spelling names is not required in civil or criminal proceedings, where the names sound the same such that an attentive ear finds difficulty in distinguishing them when pronounced, *State v. Ryan*, 557 S.W.2d 700, 701 (Mo.App.1977), *State v. Webb*, 518 S.W.2d 317, 322 (Mo.App.1975). This doctrine applies, and no error in the spelling of McGreevey's name exists such that he may not be sentenced as a class X offender.

■ As to representation by counsel, this court first notes that the defendant did not make this objection when the State's exhibits were introduced. Furthermore, the State's exhibits indicated that the defendant was represented by counsel for all three prior convictions, listing McGreevey's attorney by name for each conviction. But McGreevey also argues that he cannot be classified a class X offender because the State did not allege *in the information* that he had the benefit of counsel for the prior convictions. The State must prove that a defendant was either represented by counsel or waived counsel in order to use a prior conviction for sentence enhancement, *State v. Wilson*, 684 S.W.2d 544, 547[3–4] (Mo.App.1984). Section § 558.021.1(1), RSMo 1986, requires that the information plead "all essential facts" warranting a finding that a defendant is a prior, persistent, or dangerous offender. Missouri has apparently never addressed this particular issue, and McGreevey points to no case authority for his position, so this court will follow the general rule that it is not necessary to *plead* each step in the procedure leading to the former conviction, 42 C.J.S. *Indictments and Informations*, § 128, p.

451, n. 68, 71 (1991). In this case, the State fulfilled its duty by pleading the date, felony, court, and case number of the prior convictions. All else may be left to trial, where the State still has the burden to show that the prior proceedings were conducted with regularity, including representation by counsel.

The State satisfied its burden in showing that the defendant Norvel R. McGreevey had pled guilty to three previous felonies, with the advice of counsel. The trial court did not err in sentencing McGreevey as a class X offender, and the point is denied.

Norvel R. McGreevey's convictions for first degree assault, second degree assault, and two counts of armed criminal action are affirmed.

All concur.