STATE of Missouri, Respondent,

v.

Thomas RUSS, Appellant.

Thomas RUSS, Appellant,

v.

STATE of Missouri, Respondent.

No. 68180.

Missouri Court of Appeals,
Eastern District,
Division One.

May 20, 1997.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, C. Wayne Davis, Assistant Attorney General, Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Thomas Russ ("defendant"), appeals the judgment of conviction entered by the Circuit Court of the City of St. Louis after a jury found him guilty of one count of rape, RSMo § 566.030,[1] two counts of armed criminal action, RSMo § 571.015, one count of robbery in the first degree, RSMo § 569.020, and one count of felonious restraint, RSMo § 565.120. Defendant also appeals the denial of his Rule 29.15 motion for post-conviction relief after an evidentiary hearing. We affirm in part, and vacate and remand in part.

A brief summary of the procedural facts of the case will suffice for the purpose of our review. On March 22, 1994, defendant was charged by indictment with the various offenses listed above.[2] The state then filed a substitute information in lieu of indictment charging defendant as a prior and persistent offender pursuant to RSMo § 558.016.[3] A jury trial was conducted from February 28 to March 2, 1995. On March 1, and continuing on March 2, outside the presence of the jury, the court held a hearing on the state's allegations of defendant's status as a prior and persistent offender. The state presented testimony from the Deputy Circuit Clerk of the Circuit Court of St. Louis City, a court file containing information as to one of defendant's alleged prior convictions, and serial records from the Missouri Department of Corrections showing defendant's periods of incarceration for various offenses. At the conclusion of the hearing, the trial court found defendant was a prior and persistent offender based on this evidence. After the jury returned verdicts of guilty on each of the five counts submitted to it, the trial court sentenced defendant, as a prior and persistent offender, to the following consecutive terms of imprisonment: Count I, life imprisonment; Count II, thirty years; Count III,

thirty years; Count IV, thirty years; and Count V, fifteen years.

Defendant raises two points on appeal. He first claims the trial court erred in overruling his motion to suppress identification of defendant. We have reviewed this issue and, finding it to lack merit, affirm the trial court's decision pursuant to Rule 30.25(b).

In his second point on appeal, defendant contends the motion court clearly erred in finding that the state adduced sufficient evidence on defendant's status as a prior and persistent offender. Specifically, defendant argues the state failed to offer evidence proving defendant's alleged offenses occurred at different times, as required by RSMo § 558.016.3, or defendant was represented by counsel at the alleged prior proceedings, *State v. McGreevey*, 832 S.W.2d 929, 932 (Mo.App. W.D.1992).

Under RSMo § 558.021, a court shall find a defendant a prior and persistent offender if: (1) the information pleads all essential facts warranting a finding that defendant is a prior and persistent offender; (2) the state adduces evidence establishing sufficient facts pleaded to warrant a finding beyond a reasonable doubt that defendant is a prior and persistent offender; and (3) the court makes findings of fact that warrant a finding beyond a reasonable doubt that the defendant is a prior and persistent offender. Among the facts the state must prove is that defendant was represented by counsel at the proceedings on the convictions or that defendant was advised of that right and voluntarily waived it. *Id.*

In its substitute information, the state alleged:

Defendant is a prior offender in that he has pleaded guilty to or has been found guilty of a felony. Defendant is also a

---

1. All statutory references are to RSMo 1994 unless otherwise noted.

2. Defendant was also charged with a sixth count, making a false declaration, which was withdrawn by the court before the case was submitted to the jury.

3. RSMo § 558.016 provides a defendant who has been found to be a prior or persistent offender is

subject to the statute's enhanced sentencing provisions. A "prior offender" is defined as one who has pleaded guilty to or has been found guilty of one felony. RSMo § 558.016.2. A "persistent offender" is defined as one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times. RSMo § 558.016.3.

persistent offender, punishable by sentence to an extended term of imprisonment under Sections 558.016 and 557.036.4, RSMo, in that he has pleaded guilty to or has been found guilty of two or more felonies committed at different times. The felonies are as follows:

On June 27, 1979, defendant was found guilty to [sic] the felony of MURDER SECOND DEGREE in the Circuit Court of the City of St. Louis, Missouri, and

On July 24, 1979, defendant was found guilty to [sic] the felony of ROBBERY FIRST DEGREE in the Circuit Court of the City of St. Louis, Missouri.

At the hearing on the state's allegations, the state presented testimony of the Deputy Circuit Clerk of the Circuit Court of the City of St. Louis. The clerk testified as to the contents of a court file, labeled Cause No. 78–0443 and bearing the style "State of Missouri v. Thomas Russ," which included a record of conviction of defendant for one count of robbery in the first degree. The clerk's testimony included the following passage:

On July 24, 1979, State by Assistant Circuit Attorney Henry Frederick. Defendant in person and by attorney James Bell.... Verdict at 12:30 p.m.

As to Count I, robbery first degree, guilty. Punishment fixed at five years.... Sentencing set for 8/17/79.

The state then requested the court take judicial notice of the file. When the hearing continued the following day, the state presented a copy of the serial records from the Missouri Department of Corrections. This exhibit stated defendant was delivered to the Department of Corrections on September 13, 1979, on a charge of robbery in the first degree, after having been sentenced on August 17, 1979, in Cause No. 78–0443. This evidence sufficiently proved defendant had been convicted of one of the felonies necessary to find him a prior and persistent offender. *See State v. Hurst*, 845 S.W.2d 669, 670–71 (Mo.App. E.D.1993)(finding court's judicial notice of court files sufficient evidence of defendant's prior convictions); *State v. Quinn*, 717 S.W.2d 262, 265–66 (Mo.App.

S.D.1986)(finding testimony of deputy circuit clerk sufficient evidence of defendant's prior convictions).

However, with respect to the second felony conviction, murder in the second degree, we believe the state failed to offer sufficient evidence from which the court could find the alleged offense occurred at a time different from the robbery offense, and further failed to offer evidence demonstrating defendant was represented by counsel in the proceeding or had waived that right.

One of the essential elements the state had to prove was that the murder offense was committed at a different time than the robbery offense. RSMo § 558.016.3. In its substitute information, the state alleged defendant was found guilty of murder in the second degree on June 24, 1979. The record contains no reference to when the murder offense occurred.[4] The only testimony or document—aside from the substitute information—mentioning defendant's alleged murder conviction is the serial record from the Missouri Department of Corrections. It provides defendant was sentenced on September 7, 1979, on a charge of murder in the second degree, in Cause No. 78–350. However, this exhibit provides no information concerning when the offense occurred, nor does it refer to the date the conviction was entered, either after a trial or a guilty plea. Although the state pled in its information "[o]n June 27, 1979, defendant was found guilty to [sic] the felony of MURDER SECOND DEGREE," the state's information is not evidence, but only a pleading which contains allegations to be proven. *See Nash v. State*, 775 S.W.2d 338, 339 (Mo.App. E.D. 1989). The clerk of the court did not testify to the facts surrounding this offense, nor does it appear from the record the state offered into evidence a court file pertaining to it.

▮ The state responds that, because the dates of the convictions are different, the clear inference is that the crimes occurred on two different dates and, hence, at different times. *See State v. Leake*, 608 S.W.2d 564, 565 (Mo.App. S.D.1980). However, this prin-

---

4. The motion court's findings indicate the robbery offense was committed on January 17, 1978.

ciple allowing courts to infer the crimes were committed at different times "is applicable where the record, by reason of dates, geography and the nature of the offenses, . . ., supports a finding beyond a reasonable doubt the two offenses occurred at different times." *State v. Lee,* 660 S.W.2d 394, 396 (Mo.App. S.D.1983). Aside from the lack of evidence proving the date defendant was convicted of second degree murder in the instant case, the robbery and murder offenses both occurred in St. Louis City, and—according to the state's allegations—the convictions came only a month apart from one another. *See id.* (declining to apply "clear inference" principle where previous convictions took place one month apart in the same county); *compare Leake,* 608 S.W.2d at 565 (allowing inference to be drawn where prior convictions were over a year apart and in different counties). Furthermore, we cannot conclude the crimes necessarily occurred at different times based on the nature of the offenses.

With respect to the state's burden to show defendant had been represented by counsel at the proceeding resulting in the murder conviction, or to show he waived that right, the record is silent. At one point during the hearing, the trial court noted "defendant was represented by counsel on the previous occasions—on at least one of the previous occasions . . . ." Thus, even the trial court recognized the state's lack of proof on this essential element.

The state argues on appeal that this part of defendant's claim is a collateral attack on his prior convictions. It asserts that certified copies of judgments are presumed to be regular and that defendant waived any deficiencies by failing to raise them at the time of the prior convictions. *See State v. Cooksey,* 787 S.W.2d 324, 327 (Mo.App. E.D.1990). We reiterate our belief the state offered sufficient proof of the robbery charge to defeat defendant's claim on this particular issue. However, the record does not disclose that the state offered into evidence a certified copy of the judgment pertaining to the murder charge. Thus, the state's assertion, while a true principle of law, does not apply in light of the present record. Moreover, the serial record admitted into evidence does not cure this deficiency, as it also lacks any indication defendant was represented by counsel at the proceeding which resulted in his conviction.

We conclude, from the record before us, defendant was improperly sentenced as a persistent offender as the state failed to offer sufficient evidence proving beyond a reasonable doubt defendant committed the crimes of second degree murder and first degree robbery at different times, and proving defendant was represented by counsel or waived that right with respect to the murder conviction. Thus, the motion court clearly erred in denying defendant's Rule 29.15 motion. Defendant's sentence is hereby vacated, and the cause is remanded for resentencing. On remand, the state may offer evidence of defendant's prior criminal convictions in order to meet its burden of proof as to defendant's persistent offender status. *See Dudley v. State,* 903 S.W.2d 263, 267 (Mo.App. E.D.1995). If the state adduces sufficient evidence of defendant's persistent offender status, the trial court may then impose an enhanced sentence pursuant to RSMo § 558.016.7. The judgment of conviction is affirmed.

DOWD, P.J., and REINHARD, J., concur.