**STATE of Missouri, Plaintiff–Respondent,**

v.

**Thomas RUSS, Defendant–Appellant.**

**No. 73201.**

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 6, 1998.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT G. DOWD, Jr., Chief Judge.

Thomas Russ (Defendant) appeals from the judgment of the trial court sentencing him as a prior and persistent offender. We affirm.

This case comes before us for the second time. Defendant previously appealed his convictions for rape (Count I), armed criminal action (Counts II & IV), first-degree robbery (Count III), and felonious restraint (Count V). We found the evidence insufficient to sentence him as a prior and persistent offender and remanded his case for resentencing. *State v. Russ*, 945 S.W.2d 633, 636 (Mo.App. E.D.1997). We stated that "[o]n remand, the state may offer evidence of defendant's prior criminal convictions in order to meet its burden of proof as to defendant's persistent offender status." *Id.*

The opinion in *Russ* was handed down on May 20, 1997. This court issued a mandate to the trial court on June 19, 1997. The trial court received the mandate and set sentencing for August 29, 1997. When the parties appeared, the State requested a continuance. Apparently, the clerk's office had been unable to locate the file indicating Defendant's prior convictions. Defense counsel objected. However, the trial court gave the clerk's office one more chance to locate the file and continued sentencing for 14 days until September 12, 1997.

On September 12, 1997, the State had located the files and presented evidence to support a finding that Defendant was a prior and persistent offender. The trial court found Defendant to be a prior and persistent offender and resentenced him to the following consecutive terms of imprisonment: Count I, life imprisonment; Count II, 30 years; Count III, 30 years; Count IV, 30 years; and Count V, 15 years. Defendant now appeals from his resentencing.

■ Defendant complains that the trial court erred in continuing his sentencing 14 days to September 12, 1997, because this violated his right to be sentenced without unreasonable delay pursuant to Rule 29.07, and his rights to due process of law and to be free from cruel and unusual punishment.

Rule 29.07(b)(1) provides that sentence "shall be imposed without unreasonable delay." Our research reveals only one Missouri case interpreting the meaning of "unreasonable delay." In *State ex rel. Hines v. Cottey*, 558 S.W.2d 252 (Mo.App.1977), defendant Hines sought a writ to prohibit his trial judge from imposing sentence in his misdemeanor case after a delay of approximately two years from the date of his conviction. The Kansas City district of the Missouri Court of Appeals noted that the rule "necessarily involves a pragmatic analysis of each delay in the context of the totality of its own particular circumstances." *Id.* at 254.

■ In referring to a similar federal rule, the court noted that passage of time alone will not bar imposing sentence or require a defendant's discharge, but the delay must not be purposeful or oppressive. *Id.* The court

pointed to a multitude of factors to assess in determining if the delay was unreasonable. *Id.* at 254–55. Those factors include: (1) length of delay; (2) whether defendant affirmatively demanded sentencing; (3) whether the delay was purposefully sought to unreasonably impose a form of unlimited probation; (4) whether the delay adversely affected the defendant's period of incarceration; (5) whether the delay prejudiced the defendant's right to a new trial; (6) whether defendant believed prosecution abandoned; and (7) was the delay so inordinate that the remedial purpose and effect perceived by society for punishment no longer remained viable. *Id.* at 255.

In examining these factors, the 14–day delay granted by the trial court was not unreasonable. The delay was short. There is no evidence to show the delay was purposeful or contrived; rather, the delay was due to the failure of the clerk's office to locate the necessary files. The delay did not affect any period of Defendant's incarceration, because he was subject to an extensive sentence even if the State failed to find the file. Obviously, Defendant did not believe the prosecution had been abandoned. Further, imposition of punishment 14 days later would still serve a societal purpose due to the gravity of the crimes Defendant had committed. In light of the totality of the circumstances, there is nothing in the record to support a finding that the delay of sentencing for 14 days was unreasonable.

Finally, Defendant summarily argues this delay deprived him of his constitutional rights to due process of law and to be free from cruel and unusual punishment. However, Defendant fails to demonstrate to this court how the 14–day delay caused this deprivation. Further, he fails to cite any authority to support his contention. When a party fails to support contentions with relevant authority or argument beyond conclusory statements, the point is considered abandoned. *Nixon v. Lichtenstein*, 959 S.W.2d 854, 860 (Mo.App. E.D.1997). This Court will not speculate about arguments that are merely asserted but not developed. *State v.*

*Hendricks*, 944 S.W.2d 208, 210 (Mo. banc 1997).

Judgment affirmed.

KAROHL and HOFF, JJ., concur.