SHERRI B. SULLIVAN, J.
Introduction
Gregory Alan Heidbrink (Appellant) appeals from the trial court's judgment entered after a jury trial convicting him of receiving stolen property. We affirm in *599 part, reverse in part, and remand for resentencing.
Factual and Procedural Background
The State charged Appellant, as a prior and persistent offender, with one count of receiving stolen property, a class C Felony, in violation of Section 570.080,[1] for events occurring on or about September 23, 2015. The evidence adduced at trial, viewed in the light most favorable to the verdict, is as follows.
In August 2015, Ronald Edwards (Edwards) owned AMG Auto Sales, located in Kansas City, Missouri. Around that time, Edwards purchased a 2004 Ford F250 Super Duty truck. The truck was charcoal gray with chrome trim and leather interior. Edwards testified the truck was in excellent condition, rated as a 3.7 out of 5.0. Edwards testified the retail value of the vehicle was $17,400 and that he listed the vehicle for sale on Craigslist for $13,900.
On August 25, 2015, Edwards noticed the truck was missing from AMG Auto Sales' lot and reported the truck stolen the next day. Edwards testified the truck was eventually returned to him and he found extensive damage to it, including impact damage on both the front and rear; almost the entire truck had been spray painted black; the four-wheel drive no longer worked; the front rotors, the parking brake, and the back tires required replacement; the steering column was completely destroyed; the ignition was punched out; and the back window was broken out and replaced with plexiglass. Edwards expended over $4,000 to repair the truck in his own shop and was eventually able to sell the truck for $11,000.
Sergeant Scott Taylor (Sgt. Taylor) of the Warren County Sheriff's Department testified that around 10:00 p.m. on September 23, 2015, he was patrolling an undeveloped subdivision when he saw a black Ford F250 sitting at the end of the subdivision with the engine and the lights turned off. Sgt. Taylor saw a man and woman having intercourse in the passenger seat of the truck. When he approached, Appellant stepped out of the vehicle and the woman, subsequently identified as Appellant's wife Jennifer Heidbrink (Wife), remained in the passenger seat. Appellant and Wife told Sgt. Taylor they were there to get "some alone time."
Sgt. Taylor asked Appellant and Wife for the truck's paperwork, which they were unable to provide. Sgt. Taylor ran the license plate numbers, which came back as possibly stolen. Sgt. Taylor then ran the truck's vehicle identification number, which came back as having been reported stolen from the Kansas City area. Sgt. Taylor arrested both Appellant and Wife.
Sgt. Taylor testified the vehicle was in disarray and it appeared someone was living in it. The truck contained both male and female clothing, personal items, toiletries and hygiene products, as well as bedding and towels. The exterior of the truck had been spray painted black and the back window was broken out and replaced with plexiglass. Sgt. Taylor testified broken glass was inside the vehicle and the truck bed, and that police located a crowbar inside the vehicle, which could have been used to break the rear window. A man's white tank top was hanging over the steering column and wires were hanging down from underneath the dashboard. The dashboard below the steering column was popped open and the ignition was punched out. Sgt. Taylor testified it is common for the ignition to be punched out of a stolen vehicle so the vehicle can be started with a tool, like a screwdriver or a pair of pliers, instead of a key. A pair of needle-nose *600 pliers was located inside a compartment of the driver's side door.
Sgt. Taylor stated, in his experience, it is common for stolen trucks to have their rear window broken out as means of accessing the vehicle, for a stolen vehicle's exterior color to be altered, for the ignition to be punched out, and for the dashboard to be popped open in order to bypass the vehicle's security and ignition systems.
At the conclusion of the evidence, the jury found Appellant guilty of receiving stolen property. The trial court sentenced Appellant, as a prior and persistent offender, to 8 years of imprisonment to be served consecutive to the sentences he was already serving in another case and ordered him to pay $4,436 in restitution. This appeal follows.
Points Relied On
In his first point on appeal, Appellant argues the trial court erred in overruling his Motions for Judgment of Acquittal and for New Trial, and for entering a judgment of conviction and sentencing him for receiving stolen property because there was insufficient evidence to establish beyond a reasonable doubt that he received stolen property, in that his mere joint presence in a stolen motor vehicle did not establish beyond a reasonable doubt each and every element of the crime of receiving stolen property.
In his second point on appeal, Appellant argues the trial court erred in finding him to be a persistent offender under Section 558.016[2] and enhancing his punishment from a class C felony to a class B felony because those actions violated Appellant's rights under Section 558.021,[3] in that Appellant was sentenced in excess of the maximum sentence authorized by law because the State failed to plead and prove "all essential facts" showing Appellant had pled guilty to or been found guilty of two separate felonies wherein he was represented by counsel or waived the right to an attorney in writing, as Appellant's conviction in Cause No. 12BB-CR00483-01 reflected he was "without counsel" and therefore could not be used to enhance his punishment.
In his third point on appeal, Appellant argues the trial court erred in ordering him to pay $4,436 in restitution to Edwards because that action violated Appellant's rights under Section 559.105.1,[4] in that the restitution ordered was not directly related to Edwards' losses due to Appellant's conduct of receiving the stolen truck.
Discussion
Point I-Sufficiency of the Evidence
On review of a challenge to the sufficiency of the evidence supporting a criminal conviction, this Court determines whether there was sufficient evidence from which a reasonable juror could find the defendant guilty beyond a reasonable doubt. State v. Almaguer, 347 S.W.3d 636, 639 (Mo. App. E.D. 2011). In determining whether sufficient evidence supports the verdict, this Court considers the evidence, and the reasonable inferences drawn therefrom, in the light most favorable to the verdict, disregarding all contrary evidence and inferences. Id. It is the jury's duty to assess the reliability, credibility, and weight of the witness's testimony. State v. Giles, 949 S.W.2d 163, 166 (Mo. App. W.D. 1997).
The elements of receiving stolen property are: (1) receiving, retaining, or disposing, (2) property of another, (3) for purposes of depriving the owner of his *601 lawful interest therein, and (4) knowing or believing the property has been stolen. Section 570.080.1., State v. Wright, 383 S.W.3d 1, 6 n. 2 (Mo. App. W.D. 2012). In the Second Amended Information, the State alleged Appellant, acting either alone or with another and with the purpose of depriving the owner of the vehicle, received the truck, knowing or believing it had been stolen.
A defendant's "mere unexplained possession" of recently stolen property is insufficient in itself to give rise to an inference the defendant is guilty of receiving stolen property. State v. Langdon, 110 S.W.3d 807, 812-13 (Mo. banc 2003). However, the jury may consider unexplained possession together with other facts and circumstances in finding guilt, such as providing false, evasive or contradictory statements; suspicious conduct or deceptive behavior; evidence the property was altered; or evidence the property was sold for less than its reasonable value. Id. at 813. There is rarely direct evidence a defendant knew or believed property was stolen but the State may rely on circumstantial evidence to prove a defendant's criminal intent. Id.
On appeal, Appellant challenges the sufficiency of the evidence supporting his conviction for receiving stolen property, asserting the evidence demonstrated only Appellant's mere unexplained presence in the truck. We disagree.
The evidence at trial was the condition and contents of the truck exhibited clear signs it had been stolen including a broken window, a damaged dashboard, a punched-out ignition, a pair of pliers which could be used to start the vehicle, and modification of the exterior with spray paint. Based on this evidence, the jury could have reasonably concluded Appellant knew the vehicle had been stolen.
The State also presented sufficient evidence for the jury to conclude Appellant had received the vehicle for the purpose of depriving Edwards of his interest in the truck. Sgt. Taylor testified the vehicle was in disarray and that, based on the contents of the vehicle, it appeared as if Appellant and Wife were living in the truck. The fact that Appellant and Wife were engaging in sexual intercourse inside the vehicle reasonably suggests Appellant and Wife had received the vehicle and were using the vehicle as if it were their own property. This evidence, along with the alteration of the vehicle's appearance, also supports a finding that Appellant intended to deprive Edwards of his interest in the vehicle. The State presented sufficient evidence from which a reasonable juror could find Appellant guilty of receiving stolen property. Appellant's Point I is denied.
Point II-Prior and Persistent Offender Status
In the Second Amended Information, the State charged Appellant as a prior offender and a persistent offender, in that he had previously pled guilty to two felonies committed at different times. The information stated the qualifying felonies were: (1) on or about July 23, 2013, Appellant pled guilty to felony possession of a controlled substance in the circuit court of Warren County for events occurring on May 3, 2012; and (2) on or about July 31, 2007, Appellant pled guilty to felony criminal non-support in the circuit court of Warren County for events occurring on April 1, 2006.
Prior to voir dire, the State offered Exhibits 40 and 41, certified copies of Appellant's prior convictions to prove his status as a prior and persistent offender. Exhibit 40 is a certified copy of Appellant's conviction for felony non-support, and was admitted without objection. Defense counsel objected to the admission of Exhibit 41, a certified copy of Appellant's conviction for felony possession of a controlled substance, *602 asserting the document did not indicate Appellant was represented by counsel or that he waived his right to counsel. The document provides that on July 26, 2013, the date of sentencing on the controlled substance conviction, Appellant appeared in person but without counsel and no attorney of record is listed. The document states the court ordered Appellant to pay $65 for the services of appointed counsel and that there was no probable cause to believe Appellant received ineffective assistance of counsel. Upon defense counsel's objection to the exhibit, the following discussion occurred:
THE COURT: Okay. Well, it indicates [Appellant] appeared without counsel at that time back [on] July 26th of 2013. Is that your only objection, then?
[Defense Counsel]: Uh, yes, that there's no indication that he waived counsel or had counsel.
THE COURT: I will admit Exhibits 40 and 41 as the prior convictions just for purposes of that issue. I will admit both of those and find that the defendant is a prior and persistent offender, so it will be judge sentencing.
In his motion for new trial, Appellant asserted the trial court erred in finding him to be a persistent offender in that the State failed to demonstrate he was represented by counsel or had waived counsel in writing for one of the convictions supporting the finding.
A prior offender is "one who has pleaded guilty to or has been found guilty of one felony." Section 558.016.2. A persistent offender is "one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 558.016.3. Section 588.016 provides the court may sentence a person found to be a persistent offender to an enhanced sentence, permitting the court to sentence the offender to the authorized term of imprisonment for the offense that is one class higher than the offense for which the person is found guilty. Section 558.016. Therefore, a persistent offender convicted of a class C felony can be sentenced to any sentence for a class B felony. The punishment for a class C felony is up to 7 years' imprisonment and for a class B felony is between 5 and 15 years' imprisonment. Section 558.011.1.[5]
Section 558.021 establishes the procedure required for determining whether a defendant is a prior and persistent offender. Section 558.021; State v. Teer, 275 S.W.3d 258, 261 (Mo. banc 2009). The following requirements must be met before the trial court can find a defendant to be a prior and persistent offender: (1) the State pleads in the indictment or information, original or amended, or in the information in lieu of indictment, all essential facts warranting a finding that the defendant is a prior and persistent offender; (2) the State introduces sufficient evidence to warrant a finding that the defendant is a prior and persistent offender; and (3) the trial court finds beyond a reasonable doubt that the defendant is a prior and persistent offender. Section 558.021.1; State v. Russ, 945 S.W.2d 633, 634 (Mo. App. E.D. 1997). All facts necessary to establish prior offender status "shall be pleaded, established and found prior to submission to the jury outside of its hearing[.]" Section 558.021.2; Teer, 275 S.W.3d at 261.
"Among the facts the state must prove is that defendant was represented by counsel at the proceedings on the convictions or that defendant was advised of that right and voluntarily waived it." Russ, 945 S.W.2d at 634 ;
*603 State v. McGreevey, 832 S.W.2d 929, 932 (Mo. App. W.D. 1992). "Representation by counsel or waiver thereof cannot be presumed from a silent record." State v. Givens, 851 S.W.2d 754, 760 (Mo. App. E.D. 1993).
In this case, Appellant objected to the admission of the State's Exhibit 41, the certified copy of his conviction for felony possession of a controlled substance, because the document did not indicate Appellant was represented by counsel or that he waived his right to counsel. Although the document indicates Appellant had been ordered to pay for the services of appointed counsel and that there was no probable cause to believe defendant received ineffective assistance of counsel, it is also uncontested that no attorney appeared on Appellant's behalf at sentencing and there is no attorney of record listed for Appellant. After Appellant's objection to Exhibit 41, the trial court acknowledged the document indicated Appellant appeared without counsel but denied Appellant's objection without explanation.
On appeal, the State argues it is not required to prove Appellant had or waived counsel during the prior proceeding in order to enhance a sentence based on that prior conviction because it is not required by the statute and the precedent supporting this requirement has been eroded. Contrary to the State's assertions, the law still requires the State to prove the defendant was represented by counsel or voluntarily waived his right to counsel in the prior felony proceeding if the State wants to use the conviction to enhance the defendant's punishment for another offense.
It is undisputed that a conviction obtained in violation of a defendant's Sixth Amendment right to counsel cannot be used in a subsequent proceeding "either to support guilt or enhance punishment for another offense." Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). In Burgett, we held that an uncounseled felony conviction obtained in state court in violation of the right to counsel could not be used in a subsequent proceeding to prove the prior-felony element of a recidivist statute. To permit such use of a constitutionally infirm conviction, we explained, would cause "the accused in effect [to] suffe[r] anew from the [prior] deprivation of [his] Sixth Amendment right." Ibid.; see United States v. Tucker, 404 U.S. 443, 448, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (invalid, uncounseled prior convictions could not be relied upon at sentencing to impose a longer term of imprisonment for a subsequent conviction); cf. Loper v. Beto, 405 U.S. 473, 483-484, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972) (plurality opinion) ("use of convictions constitutionally invalid under Gideon v. Wainwright [ 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) ] to impeach a defendant's credibility deprives him of due process of law" because the prior convictions "lac[k] reliability").
United States v. Bryant, --- U.S. ----, 136 S.Ct. 1954, 1962-63, 195 L.Ed. 2d 317 (2016), as revised (July 7, 2016).
In order to use Appellant's prior felony conviction for possession of a controlled substance to enhance his punishment in this case, the State was required to prove that conviction was obtained in accordance with Appellant's Sixth Amendment right to counsel. The State failed to do so by presenting evidence proving Appellant was either represented by counsel or voluntarily waived his right to counsel in that proceeding prior to the present case's submission to the jury.
We further reject the State's contention on appeal that it should be permitted to submit additional evidence on remand proving Appellant's persistent offender status. Section 558.021 requires a defendant's prior offender status be pleaded and *604 proven prior to the case being submitted to the jury. Section 558.021; Teer, 275 S.W.3d at 261 ; State v. Severe, 307 S.W.3d 640, 644-645 (Mo. banc 2010). The State had the opportunity to present the necessary evidence but failed to do so and is not entitled to "two bites at the apple." Severe, 307 S.W.3d at 645 (State not permitted to present additional evidence of prior offenses on remand). Because the State failed to present sufficient evidence supporting a finding that Appellant was a persistent offender, the cause is remanded for resentencing as a class C felony, prior offender. Appellant's Point II is granted.
Point III-Restitution
In his third point, Appellant contends the trial court erred in ordering him to pay $4,436 in restitution to Edwards because Edwards' damages were not directly related to Appellant's conduct of receiving the stolen truck. The evidence at trial was that Appellant was in prison when the truck was stolen and, therefore, could not have personally stolen the vehicle.
At the sentencing hearing, after the court indicated it was going to order restitution, Appellant stated, "Judge, could I-I mean to the extent you are able to, uh, can you order that joint and several at least." The trial court indicated it was unable to do so because Wife had not yet been convicted.
Appellant failed to specifically object to the imposition of restitution at the sentencing hearing, and thus this claim can be reviewed for plain error only. Rule 30.20; State v. Wurtzberger, 40 S.W.3d 893, 897-98 (Mo. banc 2001). Under the plain error standard, we will reverse when a plain error affecting a substantial right results in manifest injustice or a miscarriage of justice. Rule 30.20; State v. Nylon, 311 S.W.3d 869, 884 (Mo. App. E.D. 2010). It is the defendant's burden to demonstrate that the error prejudiced him. State v. Johnson, 220 S.W.3d 377, 385 (Mo. App. E.D. 2007).
Pursuant to Section 559.105.1,[6] the trial court may order any person found guilty of an offense to make restitution to the victim for the victim's losses "due to" the offense. "The plain and unambiguous meaning of the phrase 'due to' is 'because of.' " State ex rel. Bowman v. Inman, 516 S.W.3d 367, 369 (Mo. banc 2017), citing Webster's Third New International Dictionary 699 (2002).
Here, Appellant received the stolen vehicle and is connected to the property and damage inflicted upon it. While some of the damage may have occurred during the initial theft of the vehicle, by knowingly receiving the stolen property, Appellant is still connected to Edwards' losses. Appellant acknowledged that restitution was appropriate at least to some extent at the sentencing hearing by asking for restitution to be ordered "joint and several[.]" Appellant has failed to demonstrate the trial court committed a plain error resulting in a manifest injustice or a miscarriage of justice. Appellant's Point III is denied.
Conclusion
The judgment of the trial court is affirmed in part, reversed in part, and remanded for resentencing.
Robert G. Dowd, Jr., P.J., and Kurt S. Odenwald, J., concur.

RSMo Supp. 2011.

RSMo Supp. 2005.

RSMo 2000.

RSMo Supp. 2013.

RSMo Supp. 2003.

RSMo Supp. 2013.