JEFFREY W. BATES, J.
Danny Estep (Defendant) was convicted of the class C felony of receiving stolen property. See § 570.080.[1] On appeal, Defendant contends the trial court erred by denying Defendant's post-trial motion for judgment of acquittal. Defendant argues that the evidence was insufficient to prove the "receiving" element of the offense. Because "receiving" is defined in § 570.010(13) and the State presented sufficient evidence that Defendant acquired possession or control of stolen property, we affirm.
Factual and Procedural Background
"We consider the facts and all reasonable inferences derived therefrom in a light most favorable to the verdict, and we reject all contrary evidence and inferences." State v. Campbell , 122 S.W.3d 736, 737 (Mo. App. S.D. 2004). Viewed from that perspective, the following facts were adduced at trial.
In August 2015, the Chandler family took a long weekend trip to Kansas City. Upon returning home, they discovered that their white 2001 Chevrolet Silverado pickup truck was missing. Later that day, a Neosho police officer was dispatched to the residence of Robert McFadyen to investigate a possible trespass. McFadyen is Defendant's stepfather, and Defendant's mother lives in the same home. As the officer was driving up to the residential complex in his patrol car, he saw a white pickup truck parked directly behind McFadyen's cabin. Defendant was standing next to the truck, spray painting it with "burnt orange" paint. When Defendant saw the officer, he tossed the can of spray paint into the truck, shut the door, and "took off" away from the truck toward his parents'
*185 cabin. The officer became suspicious and ran the identification numbers on the truck. That inquiry revealed the truck had been stolen.
When the truck was returned to the Chandlers later that week, its condition had been changed. There was spray paint around the doors and on the hood, two of the tires and rims had been replaced, a large dent had been removed, there were several bullet holes in the tailgate, and the tailgate was damaged to the extent that it could no longer be opened. Multiple items not belonging to the Chandlers were found in the truck.
Defendant was charged by amended information with the class C felony of receiving stolen property in violation of § 570.080. A jury found Defendant guilty of that offense, and the trial court imposed a 10-year sentence. This appeal followed.
Discussion and Decision
An appellate court's role in reviewing the sufficiency of the evidence to support a criminal conviction is limited to determining whether there was sufficient evidence from which a reasonable fact-finder could have found each element of the offense to have been established beyond a reasonable doubt. State v. Williams , 469 S.W.3d 6, 8 (Mo. App. S.D. 2015). "A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he or she receives , retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen." § 570.080.1 (italics added). As used in this statute, the word "receives" is defined to mean "acquiring possession, control or title or lending on the security of the property[.]" § 570.010(13); see also State v. Myers , 386 S.W.3d 786, 794 (Mo. App. S.D. 2012). "Acquire" means "to come into possession or control of often by unspecified means." Myers , 386 S.W.3d at 794. "Possession" is defined in § 556.061(22) as:
[H]aving actual or constructive possession of an object with knowledge of its presence. A person has actual possession if such person has the object on his or her person or within easy reach and convenient control. A person has constructive possession if such person has the power and the intention at a given time to exercise dominion or control over the object either directly or through another person or persons. Possession may also be sole or joint. If one person alone has possession of an object, possession is sole. If two or more persons share possession of an object, possession is joint[.]
Id .[2] "[P]ossession of stolen property need not be exclusive or apart from all others if there is other evidence to connect a defendant with the offense." State v. Winder , 50 S.W.3d 395, 403 (Mo. App. S.D. 2001).
Defendant contends the State failed to present sufficient evidence to prove that Defendant actually possessed or controlled the truck. According to Defendant, the only evidence presented tending to prove that Defendant received the stolen truck was the officer's testimony that he saw Defendant spray painting the truck. We disagree.
Defendant's argument is unpersuasive because it ignores other crucial circumstantial evidence adduced at trial, together *186 with the corresponding inferences the jury could reasonably draw from such evidence. The truck was parked behind the residence of Defendant's parents. Defendant was observed in the act of spray painting the truck. The truck had spray paint around the doors and on the hood. A large dent had been removed, and two of the tires and rims had been replaced. Once seen by the officer, Defendant opened the truck door and tossed the spray paint can inside. He "took off" away from the truck and toward his parents' cabin. Multiple items not belonging to the Chandlers were found in the truck. This evidence was sufficient to prove that Defendant possessed the truck. See State v. Supinski , 779 S.W.2d 258, 263-64 (Mo. App. W.D. 1989) (evidence that a U-Haul trailer was found on defendant's land, and he was observed standing near it while its color was being changed from its characteristic orange and aluminum to a rusty brown, was sufficient to prove that he possessed the trailer)[3] ; State v. Heidbrink , 546 S.W.3d 597, 601 (Mo. App. E.D. 2018) (evidence that defendant had spray painted a truck black, punched a window out, and kept personal possessions in the interior of the truck was sufficient to prove that defendant had "received" the stolen vehicle). Defendant's point is denied, and the judgment of the trial court is affirmed.
NANCY STEFFEN RAHMEYER, C.J./P.J.-CONCUR
WILLIAM W. FRANCIS, JR., J.-CONCUR

All statutory references are to RSMo Noncum. Supp. (2014). Section 570.080 was repealed by 2014 Mo. Laws 941-42, Senate Bill 491, effective January 1, 2017.

The definitions in § 556.061 apply to any offense in The Criminal Code. See §§ 556.011, 556.031.1 RSMo (1978); State v. Osborn , 504 S.W.3d 865, 874 n.6 (Mo. App. S.D. 2016). The definition in § 556.061(22) applies to this case because § 570.080 was one of the statutes enacted as part of The Criminal Code in 1977. See 1977 Mo. Laws 658-63, Senate Bill 60.

Supinski was overruled on other grounds by State v. Reynolds , 819 S.W.2d 322 (Mo. banc 1991).