WILLIAM W. FRANCIS, JR., P.J.
Dawn R. Lange ("Lange") was convicted, after a jury trial, of the class C felony of possession of a controlled substance, pursuant to section 195.202.[1] The trial court sentenced Lange to two years' imprisonment, with execution suspended, and five years' probation. Finding no merit to Lange's single point on appeal, we affirm the judgment of the trial court.
Facts and Procedural History
We treat evidence adduced at trial, including the reasonable inferences, in the light most favorable to the conviction. State v. Naylor , 510 S.W.3d 855, 858-59 (Mo. banc 2017). We recite only that evidence applicable to our disposition, and as necessary for context.
For years, police received information that Lange and her husband were selling methamphetamine out of their residence. On the morning of March 11, 2016, police obtained and executed a search warrant. When police arrived at 8:39 a.m. to execute the warrant, people were gathered around the front door-they scattered when they saw law enforcement.
Upon searching the house, police found a glass smoking pipe (with methamphetamine residue) and baggies in a filing cabinet *929 in the home's master bedroom. Lange had used the glass pipe to smoke methamphetamine the previous night.[2] The names of Lange and her husband appeared on mail and other items about the bedroom.
After the search of the home, police found Lange and her husband in the garage. The furnace (which was located in the garage) contained a digital scale and yet another glass pipe. The digital scale was only partially melted by the time police found it.
Lange was arrested and Mirandized.[3] When asked by law enforcement, Lange said she did not know whether she would test positive for methamphetamine.
Lange was charged by information with the class C felony of possession of a controlled substance, pursuant to section 195.202.
A jury trial commenced on February 8, 2017. Lange did not testify. Lange filed a motion for judgment of acquittal at the close of all evidence. The trial court overruled the motion. The jury found Lange guilty of the crime charged.
The trial court thereafter sentenced Lange to two years' imprisonment, suspended execution of sentence, and placed Lange on five years' probation. This appeal followed.
In her single point relied on, Lange argues that the trial court erred in overruling her motion for judgment of acquittal at the close of all the evidence because there was insufficient evidence to support her conviction in that the State failed to demonstrate that Lange possessed the methamphetamine.
Standard of Review
To determine whether the evidence presented was sufficient to support a conviction and to withstand a motion for judgment of acquittal, this Court does not weigh the evidence but, rather, accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignores all contrary evidence and inferences. This Court's review is limited to determining whether there was sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. This is not an assessment of whether this Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. In reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court does not act as a super juror with veto powers but gives great deference to the trier of fact.
Naylor , 510 S.W.3d at 858-59 (Mo. banc 2017) (internal quotations and citations omitted).
Analysis
Lange asserts that the evidence was insufficient to support her conviction for possession of a controlled substance (methamphetamine). She suggests that the presence of the glass pipe with methamphetamine residue "in a filing cabinet in the master bedroom ... she shared with *930 her husband" was insufficient to support her conviction because: (1) "Lange was not present in the bedroom at the time of the discovery of the pipe," and (2) "there was nothing in the filing cabinet that had a tendency to establish that [ ]Lange stored her possessions in the cabinet."
The efficacy of Lange's appeal, if any, is circumscribed by those matters effectively contended in her points relied on. Rule 84.04(e).[4] We confine our treatment accordingly.
Possession, which is at issue in this appeal, is
having actual or constructive possession of an object with knowledge of its presence. A person has actual possession if such person has the object on his or her person or within easy reach and convenient control. A person has constructive possession if such person has the power and the intention at a given time to exercise dominion or control over the object either directly or through another person or persons. Possession may also be sole or joint. If one person alone has possession of an object, possession is sole. If two or more persons share possession of an object, possession is joint[.]
§ 556.061(22), RSMo Cum.Supp. (2013); see State v. Estep , 552 S.W.3d 183, 185 (Mo. App. S.D. 2018).
The evidence in this matter is sufficient to support the inference that Lange possessed the methamphetamine. The police found Lange and her husband in the garage. Also in the garage, police discovered evidence warranting the inference that Lange and her husband, once they realized the police were at the house, tried to destroy a glass smoking pipe and a digital measuring scale by shoving them into the furnace (the scale was only partially melted by the time police found it). See State v. Hooper , 552 S.W.3d 123, 137 (Mo. App. S.D. 2018) (the fact-finder "may draw inferences as to a defendant's intentions and motives from the defendant's conduct before the act, during the act, and after the act.") (internal quotation and citation omitted).
This is not a case where the defendant was merely near an illegal article (the issue sometimes presented in closer constructive possession cases). Rather, the credited evidence, and its reasonable available inferences , demonstrate that: (1) Lange smoked methamphetamine from the discovered glass pipe the night before she was arrested, in the very room wherein the glass pipe was found;[5] (2) she lived in the residence and inhabited the room of the discovery, which she admits on appeal; and (3) she received mail at the residence, and her mail and other possessions were found in the bedroom. Furthermore, when asked, Lange told law enforcement that she did not know whether she would test positive for methamphetamines.
Authorized fact-finding, not bald speculation, grounds an inference that the glass pipe (found in the same room the next morning) was the same one Lange used the prior evening. Authorized fact-finding also warranted the conclusions that Lange placed the glass pipe in the cabinet, or had knowledge of its presence, along with access *931 and intention to use it again. The jury found, and was authorized to find, that Lange possessed the glass pipe. See Estep , 552 S.W.3d at 185.
The evidence adduced at trial was sufficient to support Lange's conviction. Her point relied on is therefore denied. The judgment of the trial court is affirmed.
JEFFREY W. BATES, J. - CONCURS
DANIEL E. SCOTT, J. - CONCURS IN RESULT IN SEPARATE OPINION
OPINION CONCURRING IN RESULT
DANIEL E. SCOTT
I concur in the result because, on the record as we must view it, jurors could reasonably conclude that Lange pipe-smoked meth with others several hours before police arrived; that she supplied the meth, the pipe, and the bedroom location therefor; and that she did so knowing the illegal substance's nature and character. Thus the record supports a meth-possession conviction whether or not Lange constructively possessed the subject pipe when police found it hours later.

All references to section 195.202 are to RSMo Cum.Supp. 2016.

A woman, K.L., was with Lange in the bedroom when the two of them smoked methamphetamines out of the glass pipe subsequently found in the bedroom cabinet. K.L. testified to these facts at trial.

Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

All rule references are to Missouri Court Rules (2018).

Neither Lange's brief, nor even her reply brief, account for this. To be successful, a challenge to the sufficiency of the evidence must "[i]dentify all of the favorable evidence in the record tending to prove [the challenged] proposition[.]" See State v. Finch , 398 S.W.3d 928, 929-30, n.2 (Mo. App. S.D. 2013) (indicating that the analytical steps set out in Houston v. Crider , 317 S.W.3d 178, 187 (Mo. App. S.D. 2010) are applicable to a sufficiency of the evidence challenge in the criminal context).